### No. 2,088.

JOSEPH S. PAXSON, Petitioner, *v.* THOMAS H. HOLT, (Auditor of the City and County of San Francisco,) Respondent.

City and County of San Francisco—Consolidation Act.—Payment of Salaries.—Under Section 90 of the Consolidation Act a demand upon the Treasury for the monthly salary of an officer of the city and county of San Francisco, must be presented for payment, properly audited, within one month after such demand shall have become due and payable, otherwise it will be forever barred.

Application to the Supreme Court for a writ of mandamus.

The facts are stated in the opinion.

*Jackson Temple,* for Petitioner.

*First*—The City and County of San Francisco is an integral part of the government of the State and the general Statute of Limitations does not apply to it. Indeed from the very nature of things it could not. The State cannot be sued except by express permission and the limitations upon the right to sue or enforce a claim against it are the only statute of limitations required, or which would be apposite. Why should there be a limitation upon the right to sue when no such right exists? (*Hunsaker* v. *Borden,* 5 Cal. 288; *Napa Valley R. R. Co.* v. *Napa Co.,* 30 Cal. 435; *Sharp* v. *Contra Costa Co.,* 34 Cal. 284; *Sherborne* v. *Yuba Co.* 21 Cal. 113; *Huffman* v. *San Joaquin Co.,* 21 Cal. 426.)

*Second*—Section 60 of the Consolidation Act evidently applies only to the salaries provided by that Act, or at least, claims which accrued under it. *Paxson* v. *Hale,* cited above, substantially holds that this is a liability inherited

by the city and county, but which does not accrue under it. The same is substantially decided in *Frank* v. *City and County of San Francisco*, (21 Cal. 268.)

This point was made in the case of *Paxson* v. *Hale*, and expressly overruled. There it was claimed by respondent, that the salary was within the language of the Act, which provides that "no payment can be made from the treasury, or out of the public funds, unless the same be specially authorized by this Act." The dissenting opinion of Judge Sawyer shows that this very question was under discussion in this Court. Of course, the only reply to it is, that the liability is one that was imposed upon the city, and inherited by its legitimate successor; and that as the service was still required, the law did not by implication repeal the provision for compensation. It was not the salary of an officer of the new government, but a liability existing outside of the Consolidation Act.

That is not a fixed compensation, which it is necessary to present under that Act seems true from the case if the *People* v. *Middleton*, (28 Cal. 604,) and from the doctrine of the *People ex rel. Hunt* v. *The Board of Supervisors*, (28 Cal. 429.)

*Jos. M. Nouges*, for Respondent.

*First*—By Section 1 of "An Act to repeal the several charters of the City of San Francisco, to establish the boundaries of the City and County of San Francisco, and to consolidate the government thereof," approved April 19th, 1856, it is provided that the corporation, or the body politic then existing, and known as the City of San Francisco, shall remain and continue to be a body politic, in name and in fact, by the name of the City and County of San Francisco. (Stat. 1856, p. 145.)

In the case of *Frank* v. *The City and County of San Francisco*, (21 Cal. 696,) it was held that the corporation, the City of San Francisco, was not destroyed by virtue of the statute last referred to herein, but that it was continued.

By the provisions of "An Act to incorporate the City of

San Francisco," (Stat. of 1850, p. 223, Sec. 2,) permission was given to " *sue and be sued, plead and be impleaded, defend and be defended, in all Courts of law, and in all actions whatsoever.*"

"Express permission" has been given for twenty years to sue the City of San Francisco and its successors.

The right had existed, and there is nothing in the Statute of Limitations debarring the respondent from the benefit of the various provisons. *(Pimental et al.* v. *The City of San Francisco*, 21 Cal. 367.)

The reason of appellant for the non-application of the statute, is on the ground that the City and County of San Francisco is an integral part of the government of the State.

Yet we discover, upon examination, that by Section 20, of Chapter III; Hittel's Gen. Law, (Sec. 4,362,) the limitations defined are extended and apply to actions on behalf or for the benefit of the State.

It may possibly be claimed that the statute runs against the State, but not in favor of the State.

If the State is protected by the Statute of Limitations from State claims and demands, certainly an "integral part of the government of the State" will be included within its benefits. *( The City and County of San Francisco* v. *Calderwood et al.*, 31 Cal. 585.)

We have no doubt that if the City and County of San Francisco was not bound by the Statute of Limitations, that it could not avail itself of its provisions as a defence to an action.

In this State, according to our reading of the section quoted, the Legislature has enacted that the State shall be within the full force and operation of the statute, and as the sovereignty of the State is within the provisions of the statute, it is difficult to perceive by what pretension less than the sovereign can be excluded from, or debarred, the privilege incidental to the operation of the statute

There is no reason why the municipality should be

exempted, even if the State in any case was, by virtue of its sovereignty, granted such immunity.

*Second*—If the petitioner was entitled to a salary of twelve hundred dollars per annum we claim that he should have presented his demand within one month after the expiration of each month for which he was entitled to charge for his services, required by the (90th) ninetieth section of the Consolidation Act.

Now was petitioner an officer of the City and County of San Francisco? He alleges that he was. The amount which he claims he is entitled to receive falls certainly under the head of salary; or fee, or compensation, (either one of which, it makes no difference to respondent)

Sec. 90, therefore, is applicable, and is as much a Statute of Limitations as the general statute.

The language, "*and any demand whatsoever upon* the treasury hereafter *accruing shall not be paid,* but shall *be forever barred by limitation of time, unless the same be presented for payment, properly audited, within one month after such demand became due and payable,*" is sufficiently explicit and expressive, and the meaning thereof is neither vague, indefinite or uncertain.

We would suggest, for the information of petitioner, that his "demands" *became due and payable* many months before the case of *Paxson* v. *Hale* was decided by the Supreme Court.

WALLACE, J., delivered the opinion of the Court, CROCKETT, J., and RHODES, C. J. concurring:

This is an application made to this Court, for a writ of mandamus, against the Auditor of the City and County of San Francisco, requiring him to audit and allow the claim of the petitioner for salary as a member of the Board of Fund Commissioners.

The petitioner was treasurer of the city and county, from October 7, 1861, to May 6, 1865, and was, *ex officio*, a member of the Board of Fund Commissioners, by force of the Act of May, 1865, to provide for the funding of the debt of

the City of San Francisco, (Stats. 1955, p. 285,) and by the sixth section of that Act, his salary as a member of the Board was fixed at $1,200 per annum.

His claim as shown in his petition here, is for salary from October 7, 1861, to October 7, 1862, $1,200; from October 7, 1862, to June 30th, 1863, $880; from 1st July, 1863, to June 30th, 1864, $1,200; from 1st July, 1864, to May 6th, 1865, $1,020.

The petition was filed June 14, 1869, which was more than four years after the latest item of the claim had accrued.

The Statute of Limitations is interposed by the respondent, in behalf of the city.

The ninetieth section of the Consolidation Act, provides, that "the salaries, fees, and compensation of all officers * * * shall be payable monthly, and any demand whatsoever, upon the treasury hereafter accruing, shall not be paid, but shall be forever barred by limitation of time, unless the same be presented for payment, properly audited within one month after such demand became due and payable," etc.

There can be no question that the claim here made is for " salary " of an " officer," and that it is a " demand * * upon the treasury; " and that though (as held in *Paxson* v. *Hale*, October term, 1867), the ex officio compensation of the petitioner, fixed by the Act of 1855, was not affected as to the amount thereof by the subsequent legislation, fixing his salary as treasurer, yet it is clear enough that section ninety of the Consolidation Act, was designed to prescribe a uniform rule for the presentation of all demands upon the treasury, and fix a uniform bar for non-presentation, and that its effect upon the salary of the petitioner, was to convert it into a monthly salary of $100, to be presented and audited, or otherwise to become barred, as in said section provided.

The petition must be denied, and it is so ordered.

TEMPLE, J., having been of counsel, did not participate in this judgment.