EMMA JONES, Appellant, *v.* THE CITY OF ALBANY, Respondent.

1. MUNICIPAL CORPORATIONS — SUSPENSION OF ACTIONS. The prohibition, in a city charter, of actions against the municipality until the lapse of a specified time after presentation of claim must be explicit and clear, and will not be inferred.

2. CITY OF ALBANY — ACTIONS FOR PERSONAL INJURY. A prohibition against bringing actions for personal injury against the city of Albany for the period of three months after reference of the claim to the law department by the common council is not created by the provision of the charter (L. 1883, ch. 298, tit. 3, § 45) that the law department shall consider the claim and report thereon within three months from its reference.

3. CLAIMS ON CONTRACT. The provision of the charter of the city of Albany (Tit. 3, § 51), that no action against the city shall be brought until a reasonable time shall have elapsed after the presentation of the claim, applies only to claims on contract and not to a claim for a personal injury.

4. NON-SUSPENSION OF ACTIONS FOR PERSONAL INJURY. There was nothing in the charter of the city of Albany in March, 1890, which prohibited the bringing of an action for a personal injury against the city at any time after the due presentation of the claim to the common council.

(Argued December 4, 1896; decided December 22, 1896.)

APPEAL from a judgment of the General Term of the Supreme Court in the third judicial department, entered May 12, 1893, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Circuit directing a nonsuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hugh Reilly* for appellant. It was error for the court below to decide that this action was prematurely brought. (L. 1883, ch. 298, § 45 ; L. 1886, ch. 572 ; L. 1892, ch. 182, § 164 ; *Rider* v. *City of Mt. Vernon*, 87 Hun, 27 ; L. 1872, ch. 127, § 10 ; L. 1890, ch. 561, § 18 ; L. 1888, ch. 449, § 250 ; L. 1888, p. 1109, § 30 ; L. 1890, ch. 568, § 16 ; Wilberforce on Statute Law, 16 ; Hardcastle on Const. of Stat. 138, 139 ; Sutherland Stat. Const. §§ 139, 290, 400 ; *People* v. *Palmer*, 109 N. Y. 117 ; *Bertles* v. *Nunan*, 92 N. Y. 157 ; *Dean* v. *M. E. R. Co.*, 119 N. Y. 540 ; *Fitzgerald* v. *Quann*, 109 N. Y. 441 ; *Curry* v. *City of Buffalo*, 57 Hun, 31.) It was error in the court below to hold that section 51 of the charter applied to actions for tort, and, therefore, that this action was prematurely brought. (L. 1883, ch. 298, § 51 ; *Howell* v. *City of Buffalo*, 15 N. Y. 512 ; *Brusso* v. *City of Buffalo*, 90 N. Y. 679 ; *Harrigan* v. *City of Brooklyn*, 119 N. Y. 156 ; *Sherman* v. *Vil. of Oneonta*, 49 N. Y. S. R. 275 ; *Cavan* v. *City of Brooklyn*, 16 N. Y. S. R. 758 ; 24 Abb. [N. C.] 279 ; *Gage* v. *Vil. of Hornellsville*, 106 N. Y. 667 ; *Hunt* v. *City of Oswego*, 11 N. Y. S. R. 762 ; *Taylor* v. *City of Cohoes*, 105 N. Y. 54 ; 24 Abb. [N. C.] 296 ; *Quinlan* v. *City of Utica*, 11 Hun, 217 ; *McClure* v. *Suprs. of Niagara*, 3 Abb. Ct. App. Dec. 83.)

*John A. Delehanty* for respondent. The complaint herein is defective in that it does not contain an allegation in substance or to the effect·that after the claim of the plaintiff had been presented to the common council " a reasonable time had elapsed within which such claim might have been passed upon by the common council." That a reasonable time must elapse

between such presentation and the commencement of an action is a condition precedent, and must, therefore, be alleged and proven. The motion to dismiss the complaint should, therefore, have been granted. (*Reining* v. *City of Buffalo*, 102 N. Y. 311; *Olmstead* v. *Town of Pound Ridge*, 71 Hun, 25; *Gibbs* v. *Stone*, 7 B. Mon. [Ky.] 302; *Campbell* v. *Jones*, 38 Cal. 507; *Weber* v. *U. M. L. Ins. Co.*, 5 Mo. App. 51; L. 1883, ch. 298, § 45; *Howland* v. *Edmonds*, 24 N. Y. 307; *Rider* v. *City of Mt. Vernon*, 87 Hun, 29; *Pope* v. *T. H. C. & M. Co.*, 107 N. Y. 61; *Tooker* v. *Arnoux*, 76 N. Y. 397; *Southwick* v. *F. Nat. Bank of M.*, 84 N. Y. 420.) The action was prematurely brought for the reason that a reasonable time had not elapsed after the presentation of the claim, within which such claim might have been passed upon by the common council, the law department being required by the statute to consider the claim and report thereon within three months after the date of the reference. The plain intent of the statute was that the "reasonable time" referred to must include the period of three months while the claim was under consideration by the law department. (L. 1883, ch. 298, § 45; *Reining* v. *City of Buffalo*, 102 N. Y. 311; *Jones* v. *City of Albany*, 62 Hun, 356; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Howell* v. *City of Buffalo*, 15 N. Y. 512; *Moriarty* v. *City of Albany*, 8 App. Div. 118.)

ANDREWS, Ch. J.    The action was commenced on the 18th day of March, 1890, to recover damages alleged to have been sustained by the plaintiff from an injury which happened on the 15th day of November, 1889, by reason of a defective sidewalk, which the defendant negligently permitted to be out of repair. The complaint was dismissed on the trial upon the sole ground that the action was prematurely brought, and the correctness of this ruling presents the only material question on this appeal. The plaintiff presented her claim to the common council on the 24th day of January, 1890, and it was referred by that body to the law department of the city at the first regular meeting of the common council after its pre-

29

sentation, held on the 3rd day of February, 1890. In the absence of any statute regulating the time of commencing an action of this character, it is clear that the action was not premature. When the action was commenced the right of action was complete according to the general rule, and the action could be brought at any time, subject to be defeated if the bringing of it was delayed beyond the period fixed by the general Statute of Limitations. But the legislature may regulate the right to bring an action against a municipal corporation for a tort or upon contract, by imposing conditions precedent to be observed by the plaintiff, or it may make a special statute of limitations, thereby changing the ordinary rule and restricting the usual remedy in such cases. (*Reining* v. *City of Buffalo*, 102 N. Y. 308.) It was upon the ground that the legislature had interfered and by the charter of the city had suspended the right to sue the city for a personal injury caused by negligence, until the lapse of a period after the presentation of a claim therefor to the common council, and that this action was brought before the expiration of that period, that the complaint was dismissed at the trial. The whole question turns upon the construction of the charter provisions. Title 3 of the charter (Laws of 1883, chap. 298) is entitled "The Legislative Power," and under the sub-title, "Audit of Claims," are embraced seven sections, numbers 45 to 51 inclusive, which regulate the presentation, audit and enforcement of claims against the city. Section 45 relates solely to claims for personal injuries caused by defects or obstructions in the streets, and sections 46 to 50 relate exclusively to claims on contract or on account for work, labor and materials. Section 45 is as follows :

" Section 45. All claims against the city for damages for injuries to the person, claimed to have been caused or sustained by defects, want of repair or obstructions from snow or ice or other causes, in the highways, streets, sidewalks or crosswalks of the city, or because of negligence of the city as to the highways, streets, sidewalks or crosswalks of the city, shall be presented to the common council, in writing, within

three months after said injury is received.    Such writing shall describe the time, place, cause and extent of the injury, so far as then practicable, verified by the oath of the claimant. The omission to present said claim, as aforesaid, within three months, shall be a bar to any claim or action therefor against the city, and the law department shall consider said claim and report thereon to the common council within three months from the date of the reference of such claim, but no such claim shall be settled or paid except as prescribed in section ten of title five of this act."

The section of the charter referred to in the last clause of section 45 authorizes the corporation counsel, by agreement in writing, subject to the approval of the mayor and board of finance, to compromise and settle any claims against the city, and requires such agreement when made to be reported to the common council at its next meeting, and which agreement the section declares "shall be and constitute a valid obligation against the city."    There is nothing in section 45 which in terms restricts the right to bring an action for personal injury at any time after the injury happened, except that the claim must be first presented to the common council within three months after the injury had been received.    It is manifest that the main purpose of this limitation was to prevent fraud in the assertion of unfounded claims and to apprise the city in case of claims against it, so as to enable it to investigate the circumstances before the benefit of an investigation was lost or embarrassed by lapse of time.    It is possible (as is claimed) that there may have been a subordinate purpose on the part of the legislature in enacting this restriction to place the common council in prompt possession of the facts upon which a claim was asserted, so as to enable the city to compromise or settle it, without litigation, if found to be meritorious.    The city, upon the assumption that the purpose last adverted to was one of the purposes which influenced the legislature in requiring that claims should be presented within three months after the happening of an injury, bases upon this provision, in connec-

tion with the subsequent clause, that the "law department shall consider said claim and report thereon to the common council within three months from the date of the reference of such claim," the argument, that the bringing of an action before the expiration of three months after the claim had been referred to the law department, is impliedly prohibited. It is to be observed that no time is prescribed within which a claim duly presented shall be referred to the law department, nor indeed except by implication is there any duty imposed on the common council to make such reference. The city asks the court, in the absence of any direct words of prohibition in section 45 against bringing an action at any time after presentation of a claim, to imply such prohibition for the period of three months after reference to the law department, upon vague language, thereby putting an added restriction upon the ordinary common-law right of a suitor to bring an action to enforce his claim. It is the general rule that an intention to change the rule of the common law will not be presumed from doubtful statutory provisions; the presumption is that no such change is intended, unless the statute is explicit and clear in that direction. (1 Kent's Com. [3d ed.] 463; *People* v. *Palmer*, 109 N. Y. 118.) The object of referring a claim to the law department is not defeated by the fact that the action is pending at the time of such reference. The investigation made by that department may be important in enabling the city to defend the claim, or may induce an effort to adjust it before incurring the expense of further litigation.

The instances are numerous where in city charters the legislature has prohibited actions on claims against municipal corporations until the lapse of a specified time after presentation. It has not been left to inference, but the time within which the remedy has been suspended is definitely stated. (Buffalo, Laws of 1866, ch. 479, sec. 8; Mt. Vernon, Laws of 1892, ch. 182, sec. 164; Troy, Laws of 1872, ch. 127, tit. 6, sec. 10; Rochester, Laws of 1890, ch. 561, sec. 18; Syracuse, Laws of 1888, ch. 449, sec. 200; Brooklyn, Laws of 1888, p. 1109, sec. 30.)

We think it is quite plain that section 45, above quoted, does not, standing alone, sustain the contention that the plaintiff's action was premature, and that in the absence of other legislation she was entitled to bring her action at any time after the presentation of her claim.    But it is insisted that section 51 in the same title applies to the case and affixes the limitation of a "reasonable time" after the presentation of a claim, during which no action can be brought, and that this reasonable time, as applied to claims under section 45, is the three months given to the law department in which to examine a claim and make a report.    But we think it is clear that section 51 applies only to claims on contract to which the five preceding sections exclusively relate.    The clause in section 51, on which the city relies, is as follows : "Provided, further, however, that no action shall be brought or maintained until the claim shall have been presented and a reasonable time shall have elapsed within which such claim might have been passed upon by the common council or chamberlain, as herein provided for."    Neither the common council nor chamberlain can pass upon a claim for personal injury coming within section 45.    The jurisdiction of the common council to settle or adjust such a claim is expressly excluded by the terms of that section, and the only authority having power to do so is the body composed of the corporation counsel, the mayor and board of finance.    (Tit. 5, sec. 10.)    But claims on contracts may be passed upon and audited by the common council or the chamberlain by the express terms of section 46, and to claims of this character alone does section 51 refer.    All the clauses in that section are consistent alone with the construction that it refers to claims on contract only.    The first clause refers to actions on claims where the "allowance of the common council or chamberlain shall not be accepted."    The clause succeeding the one upon which the city relies, " nor shall the city be liable, nor shall a recovery be had against it, for any claim not *contracted* in the manner provided by law," also refers to claims on contract.

The only section applicable to this case is section 45, and

that, in our judgment, did not prohibit the bringing of an action for a personal injury at any time after the presentation of a claim.

The judgment should, therefore, be reversed and a new trial ordered.

All concur.

Judgment reversed.