[S. F. No. 5378. In Bank.—December 13, 1910.]

GEORGE GEIMANN, Suing on Behalf of Himself and Three Hundred and Fifty-seven Others, Appellant, v. BOARD OF POLICE COMMISSIONERS of the City and County of San Francisco, et al., Respondents.

MUNICIPAL CORPORATIONS—SAN FRANCISCO—PRESENTATION OF DEMAND FOR PAYMENT—UNREASONABLE LIMITATION.—Section 1 of chapter 4 of article VIII of the charter of the city and county of San Francisco, providing that "any demand upon the treasury accruing under this charter shall not be paid, but shall be forever barred by limitation of time, unless the same be presented for payment, properly audited, within one month after such payment became due and payable," in so far as it contemplates that a demand, to be paid, must be first audited, leaving the question of audit or non-audit to the whim or caprice of the auditor, is unreasonable and unconstitutional, as an attempt to deprive, or as putting it within the power of an executive officer to deprive, a claimant of his demand without due process of law.

ID.—PRESENTATION TO AUDITOR — TIME TO COMMENCE ACTION AFTER REJECTION.—The proper construction of that section of the charter is to require that every demand shall be presented to the auditor for audit within thirty days, and to that extent it is reasonable and will be upheld. Upon rejection, the claimant would have a reasonable time in which to commence an action for the enforcement of his demand, and in the absence of any special provision in the charter touching the matter, such reasonable time would be governed by the general statute of limitations applicable to the particular character of the demand.

ID.—ACTION AGAINST MUNICIPALITY — LEGISLATURE MAY PRESCRIBE CONDITIONS.—The legislature may ordain a presentation of a demand as a condition precedent to the beginning of an action against a municipal corporation and provide a special limitation of time thereafter in which such action may be brought.

ID.—ADMISSIONS IN PLEADINGS—FINDINGS.—Where a material allegation of the complaint has either been expressly admitted or admitted by failure of denial, no finding upon the matter, since none can properly be made, will countervail against the admission; yet where any doubt may be fairly said to exist as to the full and complete sufficiency of the admission, the court will not construe such pleadings so as to deprive the party of his right to a contest of the alleged fact and to a determination of the existence or non-existence of the alleged fact after hearing.

ID.—DENIAL OF PRESENTATION TO AUDITOR.—In a proceeding by a police officer of the city and county of San Francisco to compel the approval and payment of his demand for a month's salary, in which the complaint alleges a due demand for the approval of the warrant on the chief of police and the board of police commissioners, and for its audit on the auditor, an answer admitting that the plaintiff demanded of the police commissioners "that the auditor . . . audit said demand," and undertaking to aver "that plaintiff failed and neglected . . . or that the said plaintiff demanded of the said auditor . . . that he audit, allow and approve said demand within six months after said demand became due and payable," will not be construed as an admission of the due presentation of the demand to the auditor, but as an averment, sufficient to warrant the taking of evidence on the matter, that the plaintiff failed and neglected for six months after his claim became due to demand audit from the auditor.

ID.—FINDING AGAINST PRESENTATION.—A finding in such proceeding that the plaintiff has not demanded verbally or otherwise of the auditor that he approve or allow the demand for salary is conclusive against him.

ID.—DEMAND NEED NOT BE PRESENTED TO CHIEF OF POLICE OR POLICE COMMISSIONERS.—Neither the chief of police of the city and county of San Francisco nor the board of police commissioners is required by law to approve the salary demand of a police officer or to present it to the auditor, and their failure to do so would not excuse the officer's neglect to so present it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Costello & Costello, for Appellant.

Percy V. Long, City Attorney, W. H. Smith, Jr., Assistant City Attorney, and John T. Nourse, Assistant City Attorney, for Respondents.

HENSHAW, J.—Plaintiff sued for mandate against the chief of police, board of police commissioners, the auditor, and the treasurer of the city and county of San Francisco, to compel the approval and payment of his salary demand as police officer for the month of July, 1906. Judgment passed for defendants and plaintiff appeals.

Plaintiff, with other police officers, was compelled by the chief of police to take leave of absence without pay for the

month of July, 1906, after the earthquake and fire. His action is to enforce his demand for salary for the month when he was thus upon compulsory leave of absence.

Respondents successfully urged against appellant's claim, that it was non-enforceable for the latter's failure to comply with certain requirements of the charter of the city and county of San Francisco. If respondents' position is sound in this respect, it precludes all consideration of the merits or demerits of the claim.

Respondents' contention is that appellant's claim is barred for non-presentation and non-audit within the time limited by the charter. Section 1 of chapter 4 of article VIII of the charter of the city and county of San Francisco provides as follows: "Any demand upon the treasury accruing under this charter shall not be paid, but shall be forever barred by limitation of time, unless the same be presented for payment, properly audited, within one month after such payment became due and payable." Appellant to this makes answer that the charter provisions are unreasonable, unconstitutional, and void, as conferring judicial power upon the auditor, and as depriving claimant of his just demand without due process of law, in that the section requires that his claim, properly audited, must be presented to the treasurer within one month from the date of its becoming due, and that this leaves the enforcement of his demand at the mercy, or whim, or caprice of the auditor, who, by his arbitrary rejection, may make it absolutely impossible for the claimant to present a "properly audited" claim to the treasurer within the thirty days' limitation; that the language of the charter is so plain as to forbid the need of construction; that its language does not import a condition precedent, but in terms declares it to be a statute of limitations, and that to it or from it the court can neither add nor detract.

This provision of the present charter of the city and county of San Francisco is, so far as quoted, practically identical with section 90 of the former consolidated act of the city and county of San Francisco. The earlier provision was upon two occasions considered by this court, and in the first instance it was held that the design of the provision was to prescribe a uniform rule for the presentation of all demands upon the treasury and fix a uniform bar

for non-presentation. (*Paxson* v. *Holt*, 40 Cal. 466.) In the other case, the statute under which the claimant demanded his salary provided that he should be entitled to the salary allowed by the board of supervisors, and this court held that even if that relieved from the necessity of presenting the claim to the auditor for audit, still under section 90 of the consolidation act it required a presentation to the board of supervisors, which had never been made, and that therefore as it "was never presented for audit at all, it follows that it was not and could not be presented for payment." Section 90 of the earlier consolidation act made provision for an appeal by any person from the decision of the auditor to the board of supervisors upon the former's rejection or refusal to approve any demand. By a singular oversight, neither this nor any equivalent provision is found in the present charter, the unmodified language being that above quoted. It may not be gainsaid that if this provision must be held to mean that a claimant shall present his demand to the treasurer, properly audited by the auditor, within one month after the demand has become due, or otherwise he has no other recourse or redress and his claim is "forever barred by limitation of time," if thus this section contemplates that a claimant's demand, to be paid, must be first audited within thirty days, leaving the question of audit or non-audit to the whim or caprice of the auditor, then it would require no elaboration of argument to demonstrate that the provision was unreasonable and unconstitutional, as an attempt to deprive, or as putting it within the power of an executive officer to deprive, a claimant of his demand against the city and county of San Francisco without due process of law.

It is to be considered, therefore, whether the charter will bear any other reasonable construction than this. For, if so, such construction will be adopted to save the provision from condemnation. It is proper to say in approaching this consideration that we are not unmindful of the rules which courts have imposed upon themselves in dealing with statutes of limitations and conditions precedent to the right to maintain action. (*Tynan* v. *Walker*, 35 Cal. 634, [95 Am. Dec. 152]; *Vandall* v. *Teague*, 142 Cal. 471, [76 Pac. 35].) A presentation of a demand as a condition precedent to the beginning of an action against a municipal corporation, and a special

provision limiting the time thereafter in which such action may be brought, are measures which, without doubt, the legislature may ordain. Thus the provision of the Los Angeles charter, which, in slightly varying form, is common to most charters, is a reasonable and valid provision as a condition precedent. That charter provides (sec. 222) : "No suit shall be brought upon any claim for money or damages against the city of Los Angeles . . . until a demand for the same has been presented as herein provided and rejected in whole or in part." (*Bank* v. *Los Angeles*, 151 Cal. 655, [91 Pac. 795].) And so it is said in *Jones* v. *City of Albany*, 151 N. Y. 226, [45 N. E. 557] : "The legislature may regulate the right to bring an action against a municipal corporation for a tort or upon contract, by imposing conditions precedent to be observed by the plaintiff, or it may make a special statute of limitations, thereby changing the ordinary rule and restricting the usual remedy in such cases."

What, then, may be gathered by fair construction from the provision of the charter of the city and county of San Francisco, which would be legal, conceding the condition that if a properly audited demand be not presented within thirty days, the demand is forever barred, to be invalid? The provision manifestly aims to compel a presentation of all demands within thirty days. The requirement that every demand shall be presented to the auditor for audit within thirty days is reasonable and will be upheld. If the auditor does audit it it is, within the language of the provision, properly audited, and so, its presentation to and payment by the treasurer become matters of course. But if upon presentation within the thirty days the auditor shall fail or refuse his audit, under circumstances which, as usually happening, would forbid the possibility of the claimant's presenting his duly audited demand within the time limited, what result would follow? Under the strict terms of this provision the claim would be forever barred. This, however, cannot be, and to this extent the provision is unlawful and void. The necessary result would be that upon such rejection the claimant would be allowed reasonable time in which to commence action for the enforcement of his demand, and if the charter itself contained no special provision (and this charter does not) touching the matter, such reasonable time would be governed by the general statute

of limitations applicable to the particular character of the demand. So construed, the obnoxious part of this provision is regarded as severable from the unobjectionable part, which latter then fixes a time limit for the presentation of claims and a condition precedent to the right of commencing action upon them.

The due presentation of the claim to the auditor being thus held an essential prerequisite to the right of commencing action, appellant insists that by the admissions in the pleadings, such due presentation exists in this case, and that, therefore, his action is properly brought and may be maintained. Respondent contends against such admission in the pleadings, and asserts that issue was joined upon the matter, and that the court's finding is against appellant. The pleadings thus involve consideration. But before considering them it is proper to say that where a material allegation has either been expressly admitted, or admitted by failure of denial, no finding upon the matter, since none can properly be made, will countervail against the admission; yet where any doubt may be fairly said to exist as to the full and complete sufficiency of the admission, the court will not construe such a pleading so as to deprive the party of his right to a contest of the alleged fact and to a determination of the existence or non-existence of the alleged fact after hearing.

The plaintiff in this case averred, "that before the commencement of this action he duly demanded of and from the chief of police of the city and county of San Francisco, defendant aforesaid, that he, the said defendant, approve the said warrant and demand of said plaintiff for his salary for the month of July, 1906, and that he demanded of and from the said board of police commissioners of the city and county of San Francisco that they sign the said warrant and demand and that he duly demanded from the said auditor of the city and county of San Francisco, defendant aforesaid, that the said auditor audit the same, but in this connection plaintiff avers that the said defendants and each of them refused and denied, all and singular, his demand as aforesaid." The answer seems to admit that plaintiff demanded of the police commissioners "that the auditor of the city and county of San Francisco audit said demand." But in the same connection it undertakes to aver "that plaintiff failed

and neglected . . . or that the said plaintiff demanded of the said auditor of said city and county of San Francisco that he audit, allow and approve said demand within six months after said demand became due and payable." The language of this averment is inartificially drawn, Grammatically it is a compound of affirmation and denial. It seems, however, to charge that plaintiff failed and neglected for six months after his claim became due to demand audit from the auditor. Even if this averment be not made as plain as it should be, there was enough to move the court to take evidence upon the question as though under issue regularly joined. The court did so and found, "That plaintiff has not demanded verbally or otherwise of the auditor of the city and county of San Francisco that he approve or allow the demand of plaintiff for his salary for the month of July, 1906." This finding is not attacked and is conclusive against appellant. The determination that the claim was not presented to the auditor for audit within the time limited by the charter renders it unnecessary to consider in detail the law touching the other defendants. Suffice it to say that the treasurer was not bound to pay except upon presentation of an audited demand, or its equivalent—the judgment of a competent court. Neither the chief of police nor the board of police commissioners is required by law, or by any rule cited, to approve the salary demand of plaintiff, and their failure to do so upon the showing here made would not excuse plaintiff's neglect to present it to the auditor. No provision has been pointed out making it the duty of either the chief of police or the board of police commissioners to present plaintiff's demand to the auditor, and if such a custom had grown up, without authority in law, the failure of either of these so to do would not excuse plaintiff, since it would be but the failure of his agent, for which he alone and not the city would be responsible.

The judgment appealed from is therefore affirmed.

Lorigan, J., Melvin, J., Sloss, J., Angellotti, J., and Shaw, J., concurred.