[Civ. No. 11383.  First Appellate District, Division Two.—July 18, 1940.]

RUTH PATRICIA KLINE, Appellant, v. SAN FRANCISCO UNIFIED SCHOOL DISTRICT (a Body Corporate and Politic) et al., Respondents.

Philander B. Beadle and Jasper L. Searles for Appellant.

John J. O'Toole, City Attorney, Walter A. Dold, Chief Deputy City Attorney, and Irving G. Breyer for Respondents.

NOURSE, P. J.—Plaintiff sued for damages for personal injuries received while on the premises of the school of which she was a regular student. The defendants' demurrer was sustained without leave to amend. The appeal raises the single question whether, within the time prescribed, plaintiff filed a verified claim or demand with the officers of the school district.

The injury occurred on May 5, 1937; on January 27, 1938, a verified claim and demand for damages was filed with the school board; on February 15, 1938, the board rejected the claim; on August 18, 1939, the complaint for damages was filed. The demurrer was sustained upon the ground that the demand was not made within the time prescribed.

Plaintiff's cause of action rests entirely upon section 2.801 of the School Code. No liability of this kind existed at common law. Hence the statute must be construed strictly. It reads in full: "Boards of school trustees, high school boards, junior college boards and boards of education are liable as such in the name of the district for any judgment against the district on account of injury to person or property arising because of the negligence of the district, or its officers or employees; provided, however, that a verified claim

for damages shall have been presented in writing and filed with the secretary or clerk of the school district within ninety (90) days after such accident has occurred. Such claim shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received.'' The last portion relating to the presentation of a claim for such injuries was added by amendment which became effective August 27, 1937—about three and one-half months following the injury. It is appellant's contention that this amendment was not intended to be retroactive, and that the respondents were estopped to raise the bar of the statute.

We do not understand that there is involved here any question of the retroactive effect of the statute, or any question of the intention of the legislature, express or implied. The question of the application of the statute to the particular case is determined by the universal rule that changes in rules of procedure may be applied to pending rights if a reasonable time is given for the commencement of proceedings before the bar of the statute takes effect. The precise question was decided in *Norton* v. *City of Pomona,* 5 Cal. (2d) 54 [53 Pac. (2d) 952], where the injury occurred some eight and one-half months prior to the effective date of the statute requiring claim to be filed within ninety days of the injury. The court there, following *Thompson* v. *Los Angeles,* 140 Cal. App. 73 [35 Pac. (2d) 185], adhere to the rule that, if a reasonable time to file is given before the bar takes effect, the limitation will not be held unconstitutional. In the Thompson case, *supra,* the court quoted with approval this language from *Terry* v. *Anderson,* 96 U. S. 628 [24 L. Ed. 365] : ''This court has often decided that statutes of limitation affecting existing rights are not unconstitutional if a reasonable time is given for the commencement of an action before the bar takes effect. It is difficult to see why, if the legislature may prescribe a limitation where none existed before, it may not change one which has already been established. The parties to a contract have no more a vested interest in a particular limitation which has been fixed than they have in an unrestricted right to sue. They have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy,

it is well settled that the legislature may change them at its discretion provided adequate means of enforcing the right remain.''

■ Our courts have frequently held that, when the statute requires presentation of a demand before suit is filed, a complaint which fails to plead demand made in accordance with the requirements of the statute does not state a cause of action. (*Crim* v. *San Francisco*, 152 Cal. 279, 281 [92 Pac. 640]; *Geimann* v. *Board of Police Commrs.*, 158 Cal. 748, 752 [112 Pac. 553]; *Douglass* v. *City of Los Angeles*, 5 Cal. (2d) 123, 130 [53 Pac. (2d) 353]; *Dryden* v. *Board of Pension Commrs.*, 6 Cal. (2d) 575, 580 [59 Pac. (2d) 104]; *Farmers & Merchants' Bank* v. *City of Los Angeles*, 151 Cal. 655, 659 [91 Pac. 795]; *Continental Ins. Co.* v. *Los Angeles*, 92 Cal. App. 585, 587 [268 Pac. 920]; *Western Salt Co.* v. *San Diego*, 181 Cal. 696, 699 [186 Pac. 345].) ■ Where the plaintiff is prevented from complying with the statute by what might be deemed a legal excuse the facts upon which he relies as an excuse for non-compliance must be pleaded. Here the statute requiring a presentation of demand was passed prior to the accident; it was approved by the governor on May 3, 1937. It became effective on August 27, 1937. The injury occurred on May 5, 1937. No verified demand was made until January 27, 1938. It would thus appear on the face of the record that plaintiff had ample time to comply with the statute. But, in any event, she has pleaded no facts in excuse of her non-compliance, and there is nothing upon which this court could say that the time allowed for compliance was unreasonable.

■ Appellant argues that, notwithstanding these principles, the respondents should be deemed to have estopped themselves from raising the bar of the statute because of their action upon a letter written them by her mother. It is not contended that this was anything more than a letter, or that it was verified, or fixed any claim for damages. The settled rule is that when a statute fixes a definite rule of action upon a public official for the benefit of the public at large the official may not escape that rule by act of omission or commission. Estoppel is a species of waiver and where a public official may not waive a public right he cannot be estopped from asserting that right on the part of the general public. The same question was raised in *Johnson* v. *Glendale*, 12 Cal.

App. (2d) 389, 397, 398 [55 Pac. (2d) 580], and the court disposed of it in this language: ''It is contended that the said acts of the defendants Curl and MacIntyre amounted to a waiver by the City of Glendale of compliance with the law in the matter of filing the claim. This contention cannot be upheld. It is the generally accepted rule that a municipality and its officers are without power to waive compliance with the law in such matters. (*Chapman* v. *City of Fullerton*, 90 Cal. App. 463 [625 Pac. 1035]; *Spencer* v. *City of Calipatria*, (9 Cal. App. (2d) 267 [49 Pac. (2d) 320]), *supra; Touhey* v. *City of Decatur*, (175 Ind. 98 [93 N. E. 540, 32 L. R. A. (N. S.) 350]), *supra; Dechant* v. *City of Hays*, 112 Kan. 729 [212 Pac. 682]; *Berry* v. *City of Helena*, 56 Mont. 122 [182 Pac. 117].) The statute does not authorize a waiver nor does it provide any substitute for a written verified claim. The authorities we have cited quite generally held that actual knowledge on the part of officers of a municipality of the facts required to be stated in the claim does not dispense with the claim itself.''

Appellant charges error to the trial court in its order striking from the complaint the allegations relating to her mother's letter. It is apparent from what we have said that these allegations were irrelevant and stated no issue upon which appellant could have tendered any proof.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 17, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 16, 1940, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing after decision by the District Court of Appeal is denied. ▮ It should be observed, however, that the statement in the opinion of the District Court of Appeal that the section of the School Code under which the plaintiff's claim was made ''must be strictly construed'', was not necessary to the decision and in addition is contrary to the provision of section 3 of that code which

enjoins a liberal construction of the provisions of said code and all proceedings under it "with a view to effect its objects and promote justice".