Filed 8/11/21  Rischbieter v. Blue Lake Springs Homeowners Assn. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| DOUGLAS C. RISCHBIETER, | |
| Plaintiff and Appellant, | C087880 |
| v. | (Super. Ct. No. 15CV40810) |
| BLUE LAKE SPRINGS HOMEOWNERS ASSOCIATION, | |
| Defendant and Respondent. | |

Douglas Rischbieter, the owner of two property lots in a Calaveras County subdivision, sued the Blue Lake Springs Homeowners Association (Blue Lake) after it reinstated a requirement that property owners pay dues per lot rather than per member. The trial court granted Blue Lake's motion for judgment (Code Civ. Proc., § 631.8) and entered judgment in favor of Blue Lake.

Rischbieter now contends (1) Blue Lake made a judicial admission that a property owner cannot hold more than one Blue Lake membership, and the trial court should not have allowed evidence to the contrary; (2) Blue Lake is not an "association" within the meaning of the Davis-Stirling Common Interest Development Act (the Davis-Stirling Act) (Civ. Code, § 4000 et seq.); (3) the Corporations Code exception allowing a property owner to hold more than one membership in a homeowners association does not apply to Blue Lake; and (4) the trial court erred in excluding a 2012 letter.

1

We asked the parties for supplemental briefing on whether an entity is not an association within the meaning of the Davis-Stirling Act if its articles of incorporation do not comply with Civil Code section 4280, subdivision (a), and also whether a de facto association could exist when there is a defect in the articles of incorporation.

Having considered the briefing and arguments of the parties, we conclude (1) Blue Lake did not make a clear and unequivocal admission that a property owner cannot hold more than one Blue Lake membership, (2) during the relevant time period, Blue Lake was an association under the Davis-Stirling Act, (3) the exception set forth in Corporations Code section 7312, subdivision (d) is applicable in this case, and (4) Rischbieter's evidentiary challenge has not been preserved for review.

We will affirm the judgment.

BACKGROUND

Blue Lake filed articles of incorporation with the Secretary of State in 1963 and subsequently filed amended articles in 1965, 1969, and 1983. The amended articles filed in 1983 state that Blue Lake is a nonprofit mutual benefit corporation with the purpose to maintain and operate recreational facilities for the benefit of the owners of lots in the Blue Lake Springs subdivision.

At the time of trial, the recreational facilities for the Blue Lake Springs subdivision included two lakes, beaches, a lodge and restaurant, tennis courts, a swimming pool, a shuffleboard court, a basketball court, and a playground. Blue Lake also offered various programs and activities for children and adults.

The covenants, conditions and restrictions (CC&Rs) for the subdivision required property owners to become members of Blue Lake and to pay membership dues fixed by Blue Lake. Blue Lake's manager testified that the words "dues" and "assessments" were used interchangeably.

Rischbieter and his wife owned two lots in the subdivision. From 1997 through 2008, Rischbieter made two dues payments for the two lots and received two membership

2

cards. However, for the year 2009, the Blue Lake board voted that dues would be assessed per member rather than per lot. Rischbieter made only one dues payment that year. But the following year, the Blue Lake board voted that dues would again be assessed per lot.

Although Rischbieter made two dues payments in 2010 and 2015, he made only a single payment for the years 2011 through 2014 and 2016 through 2018. Blue Lake sent Rischbieter delinquent notices and eventually suspended his membership.

Rischbieter sued Blue Lake in 2015, asserting causes of action for breach of the CC&Rs, waiver, estoppel, and declaratory and injunctive relief. The matter proceeded to a bench trial and after Rischbieter rested his case, Blue Lake moved for judgment under Code of Civil Procedure section 631.8. The trial court granted the motion and issued a statement of decision.

The trial court found that Blue Lake was a planned development as defined in Civil Code section 4175. It said the absence of certain language in Blue Lake's articles of incorporation, as required by the Davis-Stirling Act, was excused because the articles were filed with the Secretary of State before the Davis-Stirling Act was enacted and there was no requirement that Blue Lake file amended articles. It further concluded that Blue Lake fell within the exception of Corporations Code section 7312, subdivision (d), because it is a common interest development. In addition, the trial court determined that Blue Lake's bylaws and CC&Rs permitted dues to be charged per lot, the governing documents authorized Blue Lake to suspend a membership when a member did not pay all dues, and the evidence showed that Rischbieter did not pay all dues. The trial court granted judgment in favor of Blue Lake.

STANDARD OF REVIEW

During a bench trial, a party may move for judgment after the other party has finished presenting evidence. (Code Civ. Proc., § 631.8, subd. (a).) The trial court must

weigh the evidence and may render a judgment in favor of the moving party or may decline to render judgment until the close of all the evidence. (*Ibid.*)

Our review of such a judgment and its underlying findings is the same as it would be for a judgment entered after a completed trial. The findings and judgment are not erroneous if supported by substantial evidence, and we view the evidence in the light most favorable to the judgment, resolving evidentiary conflicts in favor of the prevailing party and indulging in all reasonable inferences to uphold the trial court's findings. But we independently review an interpretation of the law based on undisputed facts. (*San Diego Metropolitan Transit Development Board v. Handlery Hotel, Inc.* (1999) 73 Cal.App.4th 517, 528; see *Golden Rain Foundation v. Franz* (2008) 163 Cal.App.4th 1141, 1147 (*Golden Rain*).)

## DISCUSSION

### I

According to Rischbieter, Blue Lake made a judicial admission that a property owner cannot hold more than one Blue Lake membership, and the trial court should not have allowed evidence to the contrary.

Paragraph 14 of Rischbieter's complaint alleged that pursuant to Corporations Code section 7312, no property owner may hold more than one Blue Lake membership. Blue Lake admitted that allegation in its answer to the complaint.

A pleading can limit the issues at trial and narrow the proof. If facts alleged in the complaint are not controverted by the answer, they are not in issue, and no evidence need be offered to prove their existence. If an issue has been removed from a case by an admission in the answer, it is error to receive evidence on the matter. (*Fuentes v. Tucker* (1947) 31 Cal.2d 1, 4-5; see *Welch v. Alcott* (1921) 185 Cal. 731, 754.)

Nevertheless, paragraph 14 cannot be viewed in isolation. Paragraph 15 of the complaint alleged that no exception in Corporations Code section 7312 applied to Blue Lake, but Blue Lake denied that allegation. Blue Lake also denied the allegations in

4

paragraphs 16 and 17 of the complaint that Rischbieter held only one Blue Lake membership and that pursuant to Corporations Code section 7312, Blue Lake could only charge Rischbieter dues for one membership. On this record, there was no clear and unequivocal admission by Blue Lake that a property owner could not hold more than one Blue Lake membership. (See *Geimann v. Board of Police Commissioners* (1910) 158 Cal. 748, 753-754; *Spalding v. Spalding* (1925) 75 Cal.App. 569, 581-582; see generally *Fundin v. Chicago Pneumatic Tool Co.* (1984) 152 Cal.App.3d 951, 955.) Rischbieter's judicial admission contention lacks merit.

II

Rischbieter next claims Blue Lake is not an "association" within the meaning of Civil Code section 4080.

In California, common interest developments are subject to the provisions of the Davis-Stirling Act (§ 1350 et seq.), enacted in 1985. (*Nahrstedt v. Lakeside Village Condominium Assn.* (1994) 8 Cal.4th 361, 377-378.) Here, the trial court made the correct threshold determination that the Blue Lake Springs subdivision was a planned development (a type of common interest development) within the meaning of the Davis-Stirling Act. (Civ. Code, §§ 4100, subd. (c), 4175, 4185, subd. (a)(3), 4095, subd. (a).) There were over 2,000 properties in the Blue Lake Springs subdivision, and Rischbieter and his wife owned two lots. Blue Lake did not own those lots, but instead owned and maintained the common areas. The CC&Rs and amended bylaws required lot owners to pay dues and authorized Blue Lake to record a lien against the property of a delinquent member and institute foreclosure proceedings to collect delinquent dues and assessments. Based on the above, the Blue Lake Springs subdivision was a planned development under the Davis-Stirling Act. (Civ. Code, § 4175.)

An association under the Davis-Stirling Act is (1) a nonprofit corporation or unincorporated association (2) created for the purpose of managing (3) a common interest development. (Civ. Code, § 4080.) The record shows that Blue Lake was a nonprofit

5

corporation created to manage the Blue Lake Springs subdivision, a type of common interest development. (Civ. Code, §§ 4080, 4100, 4175.)

Nevertheless, Rischbieter argues Blue Lake is not an association because its articles of incorporation do not comply with Civil Code section 4280.

Civil Code section 4280 is part of the Davis-Stirling Act. Its predecessor statute (former Civil Code section 1363.5) provided in relevant part: "The articles of incorporation of any common interest development association filed with the Secretary of State *on or after January 1, 1995*, shall include a statement that . . . identifies the corporation as an association formed to manage a common interest development . . . ." (Stats. 1994, ch. 204, § 1, italics added [former Civil Code section 1363.5].)

The Legislature amended former Civil Code section 1363.5 in 2011, deleting the phrase "on or after January 1, 1995." (Stats. 2011, ch. 204, § 1.) Then, in 2014, the statutory language became Civil Code section 4280 without further substantive change. (Stats. 2012, ch. 180, § 2.) In 2013, the Legislature added subdivision (c) (Stats. 2013, ch. 605, § 20), which provides: "Documents filed prior to January 1, 2014, in compliance with former Section 1363.5, as it read on January 1, 2013, are deemed to be in compliance with this section."

Blue Lake's amended articles of incorporation were filed before the enactment of the Davis-Stirling Act and did not contain a statement that Blue Lake was an association formed to manage a common interest development. The question is whether this omission precludes a finding that Blue Lake is an association under the Davis-Stirling Act.

Civil Code section 4280 does not articulate a consequence for such an omission. But California law provides that when there are defects in the formation of a corporation, a de facto corporation may exist "where there is an attempt in good faith to organize under a valid law, followed by use of the corporate franchise, i.e., actual assumption of corporate powers." (9 Witkin, Summary of Cal. Law (11th ed. June 2020 update)

6

Corporations, § 23; accord *Midwest Air Filters Pacific, Inc. v. Finn* (1927) 201 Cal. 587, 592 ["The requisites to constitute a corporation de facto are three: (1) A charter or general law under which such a corporation as it purports to be might lawfully be organized; (2) a bona fide attempt to organize thereunder; and (3) an actual user of the corporate franchise."]; *Westlake Park Inv. Co. v. Jordan* (1926) 198 Cal. 609, 613-616 (*Westlake Park*) [same]; *Martin v. Deetz* (1894) 102 Cal. 55, 65 [stating that a de facto corporation "exists where a number of persons have organized and acted as a corporation; have put on the habiliments of a corporation; have assumed the form and features of a corporation; have conducted their affairs, to some extent, at least, by the methods and through the officers usually employed by corporations; and have assumed the appearance, at least, of the counterfeit presentment of a legal corporate body"]; 15 Cal.Jur.3d (August 2020 Update) Corporations, § 77.) In *Westlake Park*, the California Supreme Court observed that upholding de facto corporations encourages the stability of business transactions. (*Westlake Park,* at pp. 614-615.)

Here, Blue Lake filed articles of incorporation and amended articles of incorporation, managed the planned development, and also filed Statements of Information with the Secretary of State pursuant to Corporations Code section 8210, affirming it was an association formed to manage a common interest development under the Davis-Stirling Act. (See Civ. Code, §4280, subd. (b).) Under the circumstances, even if Blue Lake did not amend its articles of incorporation after the enactment of former Civil Code section 1363.5 to state that it was an association formed to manage a common interest development, it was nevertheless a de facto association under the Davis-Stirling Act during the relevant time period. (Civ. Code, §§ 4080, 4100, 4175, 4200.)

Rischbieter urges in his supplemental opening brief that *Golden Rain, supra,* 163 Cal.App.4th 1141, demonstrates why strict compliance should be required. But *Golden Rain* is inapposite; it involved Civil Code section 1353, not Civil Code

7

section 4280, and it did not discuss the effects of non-compliance. (*Golden Rain,* at p. 1152.)

Rischbieter further asserts that Blue Lake is a social and recreational club, not an association. He says Blue Lake was so identified in its articles of incorporation. However, we cannot find the words "social and recreational club" in the original or amended articles of incorporation or in the Davis-Stirling Act. In any event, Rischbieter does not explain why a social and recreational club cannot be an association under the Davis-Stirling Act. We reject his unsupported argument.

III

Rischbieter further contends the Corporations Code exception allowing a property owner to hold more than one membership in a homeowners association does not apply to Blue Lake.

A nonprofit mutual benefit corporation, such as Blue Lake, may admit persons to membership, as provided in its articles of incorporation or bylaws. (Corp. Code, § 7310.) Generally, no person may hold more than one membership, and no fractional memberships may be held in the corporation, except as provided in Corporations Code section 7312. (Corp. Code, § 7312.) Corporations Code section 7312, subdivision (d) provides that the articles or bylaws of an association created in connection with a planned development with five or more lots may permit a person who owns more than one lot or unit to hold a separate membership for each lot or unit. (See also Bus. & Prof. Code, §§ 11003, 11004.5.)

During the relevant time period, Blue Lake was an association, and the Blue Lake Springs subdivision was a planned development with more than five lots. Moreover, based on the provisions of the amended bylaws, which we review de novo, a property owner may hold more than one membership in Blue Lake. Among other things, those provisions indicate that membership and the number of votes awarded were based on ownership of a lot; specifically, ownership of one lot gives rise to one membership and

8

the right to exercise one vote.  Consistent with our reading of the above provisions, Rischbieter said he had the right to exercise two votes because he owned two lots.  Also, the amended bylaws obligated the board to send a written notice to each owner of annual and special assessments that were "levied against his or her Lot," suggesting that assessments were to be levied on a per-lot basis.  Our construction is consistent with Blue Lake's practice of charging multiple-lot owners for multiple memberships.  Although Rischbieter argues the governing documents did not allow charging on a per-lot basis, his failure to cite to the record forfeits the argument.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239.)

Rischbieter urges that even if the exception set forth in Corporations Code section 7312, subdivision (d) is applicable, it could not *require* him to purchase two memberships, it would only "permit" him to do so upon his election.  The language of the statute does not support the assertion that holding a separate membership for each lot under the section 7312, subdivision (d) is at the owner's election.  Rischbieter does not cite any authority supporting his interpretation of section 7312, subdivision (d).

Rischbieter also says Blue Lake did not have the authority to suspend his membership rights and privileges because he paid dues on one of his lots.  But the CC&Rs provided that the right to use the recreational facilities may be suspended when a member is in default in the payment of any dues, fees or assessments levied by Blue Lake.

IV

In addition, Rischbieter argues the trial court abused its discretion by excluding an October 31, 2012 letter from evidence.

A trial court has broad discretion in determining the relevance of evidence. (*Donlen v. Ford Motor Co.* (2013) 217 Cal.App.4th 138, 148; *McCoy v. Pacific Maritime Assn.* (2013) 216 Cal.App.4th 283, 295.)  The party challenging the trial court's evidentiary ruling must make a clear showing that the ruling exceeds the bounds of

9

reason.  (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281; *Geffcken v. D'Andrea* (2006) 137 Cal.App.4th 1298, 1307.)

Rischbieter argues the October 31, 2012 letter was probative of the fact that Blue Lake did not believe it had to follow the Davis-Stirling Act because it was an association. But he does not show where in the record he made such an argument in the trial court. He further argues the letter was relevant to paragraph 51.b of his complaint, which alleged that Blue Lake breached the CC&Rs and/or bylaws by unreasonably and arbitrarily suspending his membership and privileges to use the recreational facilities. Again, however, Rischbieter does not show that he pointed to paragraph 51.b in the trial court in arguing the relevance of the letter.  "As a general rule, an appellate court will not review an issue that was not raised by some proper method by a party in the trial court." (*Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 913.)  The arguments have not been preserved for review.  (*Ibid.*)

## DISPOSITION

The judgment is affirmed.  Blue Lake shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

_____/S/_____
MAURO, Acting P. J.

We concur:

_____/S/_____
DUARTE, J.

_____/S/_____
KRAUSE, J.