State ex rel. Velie v. Morgan, 130 Wis. 293.

STATE EX REL. VELIE, Appellant, vs. MORGAN, Respondent.

*December 5, 1906—January 8, 1907.*

Certiorari: *Special tribunals: Jurisdiction: Review: Officers: Delivery
of books and papers to successor: Statutes: Imprisonment: Pen-
alty: Enforcement.*

1. Under secs. 978, 979, 980, Stats. 1898 (providing that, if any per-
son vacating an office refuses or neglects to deliver to his suc-
cessor the books and papers of his office, complaint may be
made by the successor to any judge of a court of record for the
circuit or county where the person refusing resides, whereupon,
after order to show cause, he shall be brought before such
magistrate, and, unless he makes affidavit that he has delivered
over all such books and papers, the judge shall, by warrant,
commit him to jail, to remain until he shall deliver such books
and papers or be otherwise discharged according to law), de-
fendant M. petitioned the county judge of Waupaca county, al-
leging that V., the relator herein, had been removed from of-
fice, and that, M. having been duly appointed thereto, V. re-
tained, and against M.'s demand refused to deliver, the books
and papers in his custody.   *Held:*
    (1) The proceeding before the county judge was not a spe-
cial proceeding in court, but one before a special tribunal not

294    SUPREME COURT OF WISCONSIN.    [JAN.

State ex rel. Velie v. Morgan, 130 Wis. 293.

proceeding according to the course of the common law, nor as a court.

(2) The statutes providing no method of direct review either by appeal or otherwise, the action of the county judge was final, if he acted within and according to his jurisdiction.

(3) The acts of the county judge were subject to review on *certiorari* to the extent of ascertaining whether they were within the jurisdiction conferred.

(4) The circuit court had authority to issue its writ of *certiorari* to bring before it the record of the proceedings of the county judge for examination.

2. Under secs. 978, 979, 980, Stats. 1898, the jurisdiction conferred is confined to discharging the accused officer when he makes affidavit of having delivered over his books and papers to his successor, or, in the absence of such affidavit, if it shall appear that the books and papers are withheld, then to commit the recalcitrant officer to jail until he shall deliver them over.

3. Under secs. 978, 979, 980, Stats. 1898, the magistrate before whom is brought an officer who has neglected or refused to turn over the books and papers of his office to his successor has no jurisdiction to impose a fine and enter an order that the recalcitrant officer shall be imprisoned and remain in custody until he pay such fine, in addition to turning over the books.

4. Although an outgoing officer who neglects or refuses to turn over to his successor the books and papers of his office may be liable to the penalty denounced by sec. 977, Stats. 1898, such penalty is to be recovered in a court, and not before the special tribunal provided in secs. 978, 979, 980.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Complaint was made by *David Morgan,* the present respondent, to the county judge of Waupaca county, under sec. 978 *et seq.,* Stats. 1898, alleging that the relator, *Velie,* having been removed from the office of treasurer of a certain school district, and the petitioner having been duly appointed thereto, the former retained, and against the latter's demand refuses to deliver, the books, papers, and money in his custody as such treasurer. After notice and hearing the county judge entered an order reciting such proceedings and the failure of *Velie* to make affidavit of delivering over all books and papers, and ordering and commanding the sheriff to take the

body of said *John Velie* and imprison him in the county jail "until he shall deliver the books and papers aforesaid, and pay a fine of $25 for violation of section 977, R. S. Wisconsin, or be otherwise discharged according to law." *Velie* sued out from the circuit court of Waupaca county a writ of *certiorari,* addressed to the county judge, to review these proceedings, alleging that meanwhile he had delivered over all the books and papers in his possession. Upon return disclosing such record the circuit court entered judgment affirming the order of the county judge and awarding *Morgan* costs, from which judgment the relator, *Velie,* brings this appeal.

For the appellant the cause was submitted on the brief of *John C. Hart,* and for the respondent on that of *E. L. & E. E. Browne.*

DODGE, J. Secs. 978, 979, 980, Stats. 1898, provide generally that, if any person vacating an office refuse or neglect to deliver to his successor the books and papers of his office, complaint may be made by the successor to any judge of a court of record for the circuit or county where the person refusing resides, whereupon, after order to show cause, he shall be brought before such magistrate, and, unless he make affidavit that he has delivered over all such books and papers, the judge shall, by warrant, commit him to jail, to remain "until he shall deliver such books and papers or be otherwise discharged according to law." This is not a special proceeding in court, but one before a special statutory tribunal not proceeding according to the course of the common law, nor as a court. *Prince v. McCarty,* 61 Wis. 3, 20 N. W. 655. No method of direct review is provided either by appeal or by application to the court from which such magistrate derives his power. Sec. 2815, Stats. 1898, which generally confers such right of review upon the court, is, by its terms, confined to orders made in actions or proceedings in courts of record. Since no such method of appeal or other direct

review has been provided, the action of the special tribunal is final, provided, of course, that it acts within and according to its jurisdiction. *State ex rel. Cook v. Houser,* 122 Wis. 534, 595, 100 N. W. 964. In all cases, however, the acts of such tribunals as above described are subject to review to the extent of ascertaining whether they are within the jurisdiction so conferred. *Starry v. State,* 115 Wis. 50, 90 N. W. 1014; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 63, 90 N. W. 188. The revisory power over such tribunals is by the constitution (sec. 8, art. VII) vested in the circuit courts, with accompanying authority to issue writs of *certiorari* as well as others necessary or convenient to the exercise of that power. In view of these premises, no doubt can be entertained of the authority of the circuit court to issue its writ of *certiorari* to bring before it the record of a proceeding under sec. 978 *et seq.,* to the end that it may examine whether the magistrate has transgressed the jurisdictional limits imposed upon him.

The writ in the present case having been properly issued, the question was before the circuit court whether the order made by the county judge was within the jurisdiction conferred upon him. That jurisdiction is confined, first, to discharging the accused person when he makes affidavit of having delivered over all books and papers as prescribed in sec. 979, or, in absence of such affidavit, if it shall appear that books and papers are withheld, then, as already stated, to commit him to prison until he shall deliver them over. The statute confers no further power upon such tribunal, and, as it is wholly statutory, it can have no powers not granted in express terms, or at least by necessary implication. We search the statute in vain for any authority to such magistrate to imprison such a recalcitrant until he pays a sum of money in addition to turning over the books. Doubtless the portion of the order presented by this record which commands that relator remain in custody until he deliver the books and papers is within the jurisdiction of the magistrate in a proper

case, and no reason is urged why the petition and other evidence did not show this to be such.   But the portion thereof which commands that he shall remain in custody and imprisonment until he pay a fine of $25 is wholly beyond and outside of any power conferred upon the magistrate, and is therefore necessarily void.

It is urged that by sec. 977 an outgoing officer recalcitrant in this respect is made subject to a penalty of not less than $25 or more than $2,000, and that the penalty here imposed upon the plaintiff in error is the minimum.   This is no answer to the outrage upon his rights. - Penalties are to be recovered in courts.   Sec. 3294, Stats. 1898.   And one is deprived of his rights who is subjected to such penalty and to imprisonment therefor except upon a judgment of some court.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment reversing and declaring void that portion of the order or warrant of the county judge of Waupaca county commanding that said *John Velie* remain in custody or imprisonment until he shall pay a fine of $25 for violation of sec. 977, Stats. 1898, but affirming all other portions of said order or warrant.