8] JANUARY TERM, 1927. 367

State ex rel. Baxter v. Beckley, 192 Wis. 367.

---

STATE EX REL. BAXTER, Respondent, vs. BECKLEY, City Clerk, Defendant: NORD, Intervenor, Appellant.

*February 12—March 8, 1927.*

*Municipal corporations: Recall of city officer: Sufficiency of petition: Necessity of date of signature appearing: Inferences not permitted: Review of certificate of sufficiency issued by county judge: Certiorari.*

1. A petition to recall a city officer is insufficient if, as to some of the signatures required to make up the number of qualified electors necessary to institute the proceedings, no date of signature appears as is required by sub. (2), sec. 10.44, Stats. p. 372.
2. The word "date" as appearing in said statute means not only the day of the month but also the year. p. 370.
3. Notwithstanding sub. (6), sec. 5.01, Stats., providing that the provisions of the election laws shall be construed so as to give effect to the will of the electors if it can be ascertained from the proceedings, notwithstanding informality or failure to comply with some of its provisions, the court cannot disregard the positive language of sub. (3) and (5), sec. 5.26, and sub. (2), sec. 10.44, as to what shall appear on the face of a petition for a special recall election. p. 370.
4. Each signature on the petition must be regarded as a separate and independent unit and by itself, and cannot be added to or have necessary elements supplied from or by that which may be done in the same petition by others, except such adoption as may be made by the use of conventional signs. p. 371.
5. Signatures on the petition could not be presumed to have been made between June 15, 1926, the first date at which signatures could be attached, and July 30, 1926, the date when the petition was filed, since sub. (2), sec. 10.44, Stats., requires that the signatures must all be written within thirty days preceding the filing, and more than such period existed between such dates. p. 371.

6. Under sub. (3), sec. 10.44, Stats., providing that the county judge shall determine the sufficiency of a petition for a recall election and state his finding in a certificate attached thereto, his certificate is not final, but is subject to review by the courts, where the record before the court discloses on its face that jurisdictional essentials are absent; and *certiorari* is the proper remedy to review the county judge's certificate as to the sufficiency of the petition.    p. 372.
    STEVENS, J., dissents.

APPEAL from a judgment of the circuit court for Douglas county: W. R. FOLEY, Circuit Judge.    *Affirmed.*

The relator, *Baxter,* was the duly elected, qualified, and acting mayor of the city of Superior in said county in the year 1926.    The number of proper signatures of qualified electors of said city in order to cause to be instituted, under the statute, a proper recall election was 2,976.    In intended compliance with the statute there was presented to the county judge of said county on July 30, 1926, a petition of some 187 separate papers or sheets bound together.    Upon consideration thereof said county judge, on August 9th, found, and so certified to the common council of said city, that the total number of signatures on said papers constituting such petition was 3,129—96 of which he held, for reasons set forth in a written opinion, to be insufficient and invalid, leaving 3,033 valid and sufficient signatures.

Demand was made on the mayor and common council that the proper steps be taken for such proposed recall election and the demand was refused.

August 16th the relator, *Baxter,* as such mayor applied for a writ of *certiorari.*    Such was duly issued out of the said circuit court to the city clerk having custody of such petition, with the return and certificate of the county judge as aforesaid, and such writ made returnable August 23d, at which time the clerk made a return with such petition, all the papers, and said certificates.

August 20th, after such demand and refusal, *Edward*

*Nord,* one of the signers of said petition and also on behalf of others, instituted a *mandamus* proceeding to compel the holding of such election.

October 7th both such matters were heard, the *mandamus* was dismissed, and in the *certiorari* proceedings, said *Nord* having been permitted to intervene, it was adjudged that the action of the county judge in determining and certifying that the said recall petition was sufficient be reversed and set aside.

From such judgment the said *Nord,* intervenor, has appealed.

*W. B. Kellogg* of Superior, for the appellant.

For the respondent there was a brief by *Grace, Fridley & Crawford* of Superior, and oral argument by *C. R. Fridley.*

ESCHWEILER, J.   The grounds relied upon and set forth in the heading to all the papers constituting the recall petition recited two specific actions of said *Baxter* at a meeting of the common council on June 15, 1926.   Each of the papers making up said petition contained appropriate spaces for the following items printed thereon, namely: "Name of elector; Place of residence (number, street); P. O. address; Date of signing."

That a number of the signatures could not properly be counted is conceded and they are not here considered.

It is conceded that the petition was insufficient to meet the statutory requirement if one of the objections thereto, and which was sustained by the circuit court in reversing the findings of the county judge, was good.   This objection was to 160 or more signatures showing no year on date of signing such respective signatures and where no year appears as part of the other signatures on such respective sheets, and in any manner adopted as such by the signers.

The city recall law here involved was created by ch. 635 of the Laws of 1911 (sec. 94*j*—1, Stats.), and provided

that the city clerk was to pass upon the sufficiency of the petition. By ch. 583 of the Laws of 1915 the county judge was substituted for the city clerk.

The provision now appearing as sub. (5), sec. 5.26, though in the statute regulating the making of nominations, is and has been made applicable to such petitions for recall. It requires that each voter so signing "shall add his residence, postoffice address and the date of signing." To be effective such recall petition must also be verified as to each separate paper, sub. (3), sec. 5.26, by one having personal acquaintance with such persons, and to the effect that such signers are electors and that "their residence, postoffice address and date of signing are truly stated therein."

In the recall election law itself, sub. (2), sec. 10.44, provides that "no signature shall be valid or be counted unless its date is less than one month preceding the date of such filing."

That the phrase "the date," as it is here used, means not only the day and the month but the year also, is beyond question. 17 Corp. Jur. 1130; Words and Phrases (2d ser.) 1204; *Cole v. Board of Supervisors,* 27 Cal. App. 528, 150 Pac. 784.

Appellant cites no authority to the contrary, but argues in effect that it must be assumed that the year was 1926 because on the face of the petition to which the signatures were added are recited, as the grounds for the recall, two certain actions of the relator as mayor on June 15, 1926, and that the petition being filed with the county judge on July 30, 1926, the signatures must have been between the earlier and the later of these two dates and of course in 1926.

While, as appellant stresses, by sub. (6), sec. 5.01, Stats., the legislative purpose is declared to be that the provisions of the election laws shall be construed so as to give effect to the will of the electors if that can be ascertained from the

proceedings notwithstanding informality or failure to comply with some of its provisions, yet we are dealing here with a special election matter in which the rights of one theretofore duly elected to public office as well as the rights of the general public are concerned. Nor are we at liberty to disregard positive language of the statute as to what shall appear on the face of such a petition before the machinery to provide for a special recall election shall be set in motion.

From the provisions of the statute above cited it is evident that the date of signing as well as the place of his residence and postoffice address is to be added by the voter. The law makes no distinction as to the relative importance of or necessity for these three specific requirements and we cannot. *Harris v. King,* 21 S. Dak. 47, 109 N. W. 644. If the omission of the date can be overlooked, equally well could be either the provision as to the residence or as to the postoffice address. It is also evident that each signature is to be regarded as a separate and independent unit and by itself and cannot be added to or have necessary elements supplied from or by that which may be done in the same petition by others,—intending by this, of course, to in no wise question the validity of such signer making as his own, by appropriate ditto marks or common abbreviation, that which may appear above his signature and as a part of the same paper. *State ex rel. Dithmar v. Bunnell,* 131 Wis. 198, 202, 110 N. W. 177.

Neither could we with safety indulge in a presumption suggested by appellant as to the signatures having been made between June 15, 1926, necessarily the first date at which signatures could be attached, and July 30, 1926, when the petition was filed and necessarily the last date on which signatures could be attached, because of the imperative direction that the signatures must be all written within the thirty days preceding the filing (sub. (2), sec. 10.44, *supra*), and more than such period existed between such two dates.

No decisions from other courts are cited or found that are helpful in this, inasmuch as differently worded statutes are there involved.

We come to the conclusion, therefore, that the trial court was right in holding that the year is an essential part of the required date to be added to his signature by each of the voters joining in such a recall petition.

Appellant further urges that the statutory designation, sub. (3), sec. 10.44, that "the county judge shall determine by careful examination the sufficiency or insufficiency of such petition and state his finding in a certificate attached thereto," makes the certificate of such county judge final, conclusive, and not subject to examination or review by the courts. There is no express provision in the statutes directing or authorizing a judicial review of such determination and certificate. Neither is there any express prohibition of such. We see no reason, therefore, why the determination by the county judge should not be subject to judicial scrutiny to determine whether or not he has in effect found jurisdictional essentials as being in existence when the record before him, and brought before the court, discloses on its face, as a matter of fact or of law, that such jurisdictional essentials are absent. This is in accord with many rulings. *State ex rel. Velie v. Morgan,* 130 Wis. 293, 295, 110 N. W. 245; *State ex rel. Foster v. Graham,* 60 Wis. 395, 397, 19 N. W. 359; *State ex rel. T. L. Smith Co. v. Superior Court,* 170 Wis. 385, 387, 175 N. W. 927; *State ex rel. Peart v. Wisconsin H. Comm.* 183 Wis. 614, 617, 198 N. W. 753.

Some further contention is made that *certiorari* is not the proper remedy. We think, however, that it clearly is.

It follows from what has been said that the court below was right in his holding that the recall petition was insufficient to require the calling of a recall election.

*By the Court.*—Judgment affirmed.

The following opinion was filed March 23, 1927:

STEVENS, J. (*dissenting*).   The recall statutes create a new right on the part of the voters which does not derive its existence from the common law.   Like other political rights, "it was optional with the legislature to give the right or withhold it entirely.   Having given the right, it was entirely competent to subject it to such conditions, limitations, and remedies as in the judgment of the legislative body were wise and proper.   The power to create a right necessarily includes the power to determine the conditions under which it shall be exercised and the remedies which may be invoked for its enforcement."   *State ex rel. Cook v. Houser,* 122 Wis. 534, 595, 100 N. W. 964.

The statutes here in question deal with purely political matters, whose regulation lies exclusively within the domain of the legislative department of the government.   The legislature has created an administrative tribunal with full power to decide all controversies that arise with reference to the sufficiency of recall petitions.   The legislature did not provide for an appeal from the decision of this tribunal.   Under such circumstances the decision of such an administrative tribunal is held to be final and conclusive, when the tribunal acts within the jurisdiction conferred upon it by the statute. "It is not essential that the law should so declare in order to have that effect.   The necessary consequence of creating a new right coupled with a new remedy to conserve it and to be administered in a new forum, is to make such forum and remedy exclusive."   *State ex rel. Cook v. Houser,* 122 Wis. 534, 570, 100 N. W. 964; *State ex rel. Barber v. Circuit Court,* 178 Wis. 468, 478, 190 N. W. 563; *Baines v. Zemansky,* 176 Cal. 369, 380, 168 Pac. 565, 570.

"Experience with the Australian ballot system early demonstrated that many serious disputes were liable to occur in its administration and of a nature which courts had not

theretofore been called upon to deal with and which because of their political nature should, so far as practicable, be kept out of court. Authority to decide such matters, it was appreciated, should be lodged somewhere. The result of experience and legislative consideration was that here and elsewhere a tribunal was selected, which was thought to be as likely to decide justly as any, not strictly judicial, well knowing that its proceedings in order to meet emergencies as they arose would necessarily be of a somewhat summary character and its decision only be open to judicial review for errors other than those of judgment. The legislature had a right to enact such a law if it saw fit." *State ex rel. Cook v. Houser,* 122 Wis. 534, 572, 100 N. W. 964.

The intent of the legislature that these recall elections should be held promptly is manifest. No signature is to be counted which was affixed to the petition more than one month before the date when the petition was filed. The sufficiency of the petition must be determined within ten days. If the petition is insufficient it may be amended within ten days. If the petition is found to be sufficient the common council "shall order" an election in not less than forty nor more than fifty days from the date of the certificate as to the sufficiency of the petition. Sec. 10.44, Stats. At every stage of the proceeding the legislature has indicated its clear intent that the matter shall proceed promptly and without the delays necessarily incident to a resort to the courts to determine the sufficiency of the petition.

If recall elections must await the determination of the sufficiency of the petition by this court on appeal, it will result in a practical nullification of the recall law. This case was advanced for argument in this court in order to secure an early decision. If the petition had been held sufficient, the election would not have been held until nearly one year after the petition was filed. Applied to the recent constitutional amendment, it would mean that any officer elected for a two-year term could practically annul the law

by questioning the sufficiency of the recall petition in the courts, thereby consuming the better part of the second year of his term,—the amendment having provided that the officer shall not be subject to recall during the first year of his term.

It seems apparent that the purpose of the law can be accomplished only by making the decision of the administrative tribunal, created to determine the sufficiency of the petition, final and not subject to review by the courts. That, I believe, is the intent of the legislature as expressed in the statutes here under consideration. That was the construction given these statutes in California before the recall law here in question was taken almost verbatim from the statutes of California. The California court recognized that "the time must of necessity be short, in order to give the recall proceeding any practical value, and a tribunal with this summary jurisdiction is all that the conditions were deemed to allow." *Baines. v. Zemansky,* 176 Cal. 369, 380, 168 Pac. 565, 570.

The California act, like the statute of Wisconsin, when it was first passed, provided that the city clerk should pass upon the sufficiency of the petition. When the question of the right of the courts to review the determination of the city clerk as to the sufficiency of the petition was presented to the California supreme court, that court held: "It seems clear to us, therefore, that in so far as the number and genuineness of the signatures of electors entitled to vote are concerned, the city clerk alone, by the express provisions of the charter [statute], is empowered to pass upon and determine the sufficiency of every recall petition that may be filed with him, and that in these two particulars at least his finding and certificate are conclusive and controlling." *Conn v. City Council,* 17 Cal. App. 705, 714, 121 Pac. 714, 718. Such decision, "when made, is *res adjudicata,* and as conclusive of the issues involved in the decision as though the adjudication had been made by a

court of general jurisdiction." *Good v. Common Council,* 5 Cal. App. 265, 271, 90 Pac. 44, 47.

The fact that the legislature has made the county judge the tribunal in place of the city clerk does not change the rule as to the effect of his decision. While acting under the power conferred by this law the judge acts as an administrative tribunal and not in a judicial capacity.

This case involves the personal right of the relator to hold the office of mayor. But that fact does not give relator the right to resort to the courts to prevent a recall election, because he accepted the office subject to the right of recall under this statute. He has, by taking office when this statute was in force, impliedly agreed to abide by the decision of the administrative tribunal created by the act to determine the sufficiency of the petition. *Baines v. Zemansky,* 176 Cal. 369, 380, 168 Pac. 565, 570.

Passing this question of jurisdiction, I believe that the court should have found the petition sufficient to comply with the law. It appears on the face of this petition that all signatures were affixed thereto during the year 1926. The acts made the basis for the recall are alleged to have taken place on June 15, 1926, and the petition was filed on July 30, 1926. It follows as a matter of course that these signatures must have been affixed between these dates and during the year 1926 without regard to the question whether the figures "1926" were made part of the date which each elector placed upon the petition at the time he signed his name.

It therefore appears upon the face of this petition that a sufficient number of signatures were affixed thereto within one month prior to its filing to make it a valid petition under the recall law. No court ought to hesitate either to make or to sustain a finding that these signatures were affixed to the petition in July, 1926, based on the facts appearing on the face of these petitions.

In construing the statute here in question we must keep in mind the fact that the legislature required the signatures of twenty-five per cent. of the voters, and that the legislature knew that the great bulk of these signers would not be accustomed to exercise the technical exactness of the trained lawyer in signing these petitions.   Because of this fact the legislature expressly provided that all statutes relating to elections "shall be construed so as to give effect to the will of the electors, if that can be ascertained from the proceedings, notwithstanding informality or failure to comply with some of its provisions."   Sub. (6), sec. 5.01, Stats.   An examination of the petition leaves no doubt in my mind that effect has not been given to the will of the electors, despite the fact that the date when each signature was affixed can be ascertained from the face of the petition.

The statutes must be complied with, but a substantial compliance, rather than a strict technical compliance, ought to be held sufficient.   Otherwise the people may be deprived of the right to exercise the power conferred by this statute. The right of the voters who are attempting to exercise the power of self-government conferred upon them by these statutes ought not to be circumscribed by so strict and technical a construction of the statute as will make it extremely difficult, as a practical matter, for the great body of the voters to comply with the statute.   Courts should ever keep in mind that "the object of elections is to ascertain the popular will and not to thwart it.   The object of election laws is to secure the rights of duly qualified electors and not to defeat them."   *State ex rel. Dithmar v. Bunnell,* 131 Wis. 198, 206, 110 N. W. 177.

CROWNHART, J., took no part.