No. 12,322.

### SUCCESSION OF R. L. ROBERTSON, JR.

The will in controversy was written on a printed heading.

An olographic will must be entirely written, dated and signed by the testator.

However conclusive the evidence that it contains the dispositions of the testator, it is none the less null, unless the essential formalities are complied with.

The date includes the year, month and day, any one of which being missing is fatal to the validity of the will.

The document *attests* the "printed heading" and shows conclusively that the date was not written by the testator; the testimony of witnesses (whose attention, it appears, was not called to the printed headlines) " that the will was written by the testator " will not overcome the fact made manifest by the testament itself, that it was not entirely written by the testator.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*W. S. Benedict* for Executrix, as such and individually, Appellant.

*Buck, Walsh & Buck* for Mrs. Cora Robertson Cuevas, Opponent, Appellee.

Argued and submitted February 5, 1897.

Opinion handed down February 15, 1897.

Decree supplemental and rehearing refused March 4, 1897.

The opinion of the court was delivered by

BREAUX, J.　This appeal is prosecuted from a judgment of the District Court in which it is decreed that the will of R. L. Robertson, Jr., probated on the 6th day of August, 1895, is a nullity.

The following is a copy of the olographic will annulled:

" NEW ORLEANS, December 12, 1892.

" I, Richard Lamb Robertson, being of sound mind and body, and in full possession of all my faculties, do make this my will and testament:

"To my dearly beloved wife, Cora Celeste Davidson, I owe all my present prosperity, and I give to her all my personal property, and leave to her the usufruct of all my estate during her life.

" I also appoint her my sole executrix, without bond and with full seizin.

(Signed)                              " RICHARD LAMB ROBERTSON.

" Witness: JOSEPH B. WOLFE, JR.''

We have had occasion to refer to this testament in a case heretofore decided, having the same title.  Succession of Robertson, 49 An.     , No. 12,191.

The will, the validity of which was assailed, was written on one of the letter-heads of the testator, having the words " New Orleans " and the figures " 189 " of the year in print.  The following is the only written date of the will: December 12-2.  The appellant widow of the deceased R. L. Robertson, Jr., urges that the will in contest fulfills all the requirements of the law.

The requisites under the article of the Civil Code, to the validity of the olographic will, " that it be dated," does not import the necessity of mentioning the place at which it was dated.

The printed words, " New Orleans," give rise to no issue in the case.  It is different in regard to the date of the will, which, in order to be valid, must be " entirely written, dated and signed by the hand of the testator.''  Under the precise language of the article, the date is one of the essential formalities of an olographic testament. The nullity is formally pronounced by the law itself.  It has been decided that absence or uncertainty of the month or the day of the testament, is cause to decree it null; for better reason, the ruling should be the same where the year is not stated or is left to mere conjecture.  The " year" printed or written by another is not a date in the hand of the testator, made the essential of a valid will. The law enjoins the date on two grounds: the first, the most essential, is in order that the precise date the testator made a disposition of his property may be known, rendering it possible to determine whether the testator had the capacity of giving at the iime the testament was made.

The second ground is secondary; if there are two testaments, it should be manifest which is the last, in case of opposing or incompatible disposition.

In either case, the date written by the testator is an essential.  We have cited these " motives " or grounds in support of the *raison d'etre* of the law, but without these " motives " or grounds, it is enough to

justify the decree declaring the will null that a substantial condition to its validity is lacking.

In Lewis' Heirs vs. Executor, 5 La. 396, this court said: "The law, in its anxiety to guard against the testator being circumvented or practised on, will not permit a testament to have any effect, no matter how strong the moral evidence may be that it contains truly his last disposition of his property. The formality (our Code says) must be observed, otherwise the testaments are null and void. * * *

"Courts of justice, therefore, can do nothing else but inquire, when a case of this kind arises, whether the formalities have been pursued."

The appellant insists that there is no proof before the court that the date was printed as stated, and urges that in these days of skilled penmen and draughtsmen, the eye to which print or engraving is manifest can not always be trusted in opposition to the oath of three reputable witnesses.

The testament as written by the testator is before us. It is manifest that the date is printed. The testimony of witnesses, whose attention was not directed to the printed heading of the paper on which the testimony was written, can not make that to be written which is not written.

It is too plain to admit of question that the words and figures are printed.

Lastly, the appellant cites authorities in support of the proposition that writing, in its legal sense, includes what is printed as well; that while it is decided, for instance, to be essential to a deed that it should be in writing, yet printed forms have been in use from time immemorial. The appellant also quotes the definitions from a number of dictionaries as evidence that writing not only means words traced with the pen or stamped, but printed or engraved words. The argument would lead to the conclusion that it would be possible for a printer or engraver to print or engrave a portion of his testament.

Writing must be taken in its ordinary sense: to set down legible characters with pen and ink. The writing essential to a deed may include printed words without violating a prohibitory law.

But in the matter of an olographic testament, it must be written the pain of nullity is inevitable.

The judgment is therefore affirmed.

### ON APPLICATION FOR REHEARING.

MILLER, J.   On the previous appeal in this succession we disposed of all the questions at issue between these parties except those relating to the validity of the will and the appointment of an administrator.   It was not our purpose in the judgment on this appeal to disturb our previous decision, but to annul the will.   On this application it is brought to our notice that our decision on this appeal affirming that of the lower court goes beyond our purpose. The necessity of the appointment of an administrator for this succession is not apparent, as the administration appears to have been completed by the executrix under the will which our decision annuls.   We will leave that question open.

It is therefore ordered, adjudged and decreed that our decree on this appeal be amended as herein stated, and accordingly it is now ordered, adjudged and decreed that the judgment of the lower court be affirmed in so far as it decrees the nullity of the will of the deceased, R. L. Robertson, Jr., and in all other respects that said judgment be avoided, annulled and reversed, reserving to the parties the right to provoke the appointment of an administrator if in the opinion of the lower court any such appointment should become necessary.