[S. F. No. 1918. Department One. — October 28, 1901.]

## ERNEST J. COTTON et al., Appellants, v. JOHN B. WATSON et al., Respondents.

STREET-ASSESSMENT — DATE OF WARRANT — RECORD — NOTICE — LIMITATION OF TIME FOR APPEAL. — Under the provisions of the Street-improvement Act, the limitation of " thirty days after the date of the warrant " in which to appeal from the assessment is to be counted from the date of the record of the warrant, and not from its actual date, if different therefrom. The date of the record of the warrant is that from which notice is imputed to those who have the right to appeal.

ID. — DELIVERY AND RETURN OF WARRANT. — The warrant cannot be delivered to the contractor, and has no operative function, until it has been recorded; and it is the intention of the legislature that the time within which an appeal might be taken from the assessment, and within which the warrant should be returned to the superintendent, should be the same, — viz., thirty days from the time when he was entitled to receive the warrant.

ID. — STATUTORY CONSTRUCTION — RIGHTS OF PARTIES — INTENTION OF LEGISLATURE AS TO DATE OF WARRANT. — The Street-improvement Act ought not to be construed as placing it within the power of the superintendent of streets, by failure to record the warrant, essentially to impair or destroy the rights of the parties. The legislature contemplated that the date of the warrant, and the record of the warrant, should be the same.

<hr/>

[1] 21 Am. St. Rep. 52, and note.

APPEAL from a judgment of the Superior Court of Alameda County. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

Davis & Hill, and William Lair Hill, for Appellants.

J. C. Bates, for Respondents.

HARRISON, J. — Action upon a street-assessment.

Judgment was rendered in favor of the defendants, and the plaintiffs have appealed, upon the judgment roll, without any bill of exceptions. The only question presented by the appeal is, whether the contractor returned his warrant to the superintendent of streets within the time prescribed by the statute for the preservation of his lien.

Section 10 of the Street-improvement Act provides (Stats. 1885, p. 155) that "the warrant shall be returned to the superintendent of streets within thirty days after its date, with a return indorsed thereon; . . . and if any contractor shall fail to return his warrant within the time and in the form provided in this section, he shall thenceforth have no lien upon the property assessed."

The warrant issued by the superintendent is in words and figures as follows: —

"By virtue hereof, I, M. K. Miller, superintendent of streets of the city of Oakland, county of Alameda, and state of California, by virtue of the authority vested in me as said superintendent of streets, do authorize and empower Cotton Bros. & Co., agents or assigns, to demand and receive the several assessments upon the assessment and diagram hereto attached, and this shall be their warrant for the same.

"Oakland, December 31st, A. D. 1895.

"M. K. Miller,
"Superintendent of Streets of the City of Oakland."

The court finds that after the superintendent had made the warrant, "it was retained by the superintendent of streets in his possession until January 6, 1896, on which day it was recorded by him, and the fact and date of recording was written on it and signed by him, and then he delivered it to the plaintiffs"; and that the return on said warrant was sworn to, February 3, 1896, and that said warrant was returned

to said superintendent of streets, February 3, 1896, and not before that time.

Section 9 of the Street-improvement Act (Stats. 1891, p. 205) provides that the warrant shall be signed by the superintendent and attached to the assessment, and that it shall be "substantially" in the form there given. In the form thus prescribed, provision is made for a date to be written at the end of the warrant. In *Shipman* v. *Forbes*, 97 Cal. 572, it was held that the date is an essential part of the warrant, and that it must contain the month and day of the month, as well as the year. There is nothing in that case, however, tending to show that the month or the day of the month which is written in the warrant is conclusive that that is its actual "date," if such day or month is inconsistent with other dates which appear in the documents or records of which the warrant is a part. The time at which an instrument becomes operative, or has the legal effect for which it is made, is its date. (*Shaughnessey* v. *Lewis*, 130 Mass. 355.) The date which is written in an instrument is *prima facie* its actual date, but when the rights of a person depend upon or are measured from the date of an instrument, it is competent to show that the date written therein is not its actual date.

It is provided in section 9, aforesaid, that the warrant and other documents by which the lien of the assessment is created shall be recorded in the office of the superintendent of streets, and that "when so recorded" the assessment shall be a lien on the land assessed for the period of two years "from the date of said recording." The section also declares that from and after the date of said recording all persons named in section 11 of the act shall be deemed to have notice of their contents as recorded. The persons named in section 11 thus referred to are "the owners, whether named in the assessment or not, the contractor or his assigns, and all persons directly interested in any work provided for in the act or in the assessment," and it is provided in this section that they may appeal from the assessment to the city council "within thirty days after the date of the warrant." Section 12 of the act provides that the contractor may bring an action to enforce the assessment, "not less than thirty-five days from the date of the warrant, against those persons who were the owners of the land assessed "on the day of the date of the recording of the warrant."

It is also provided in section 9 that the warrant and other documents shall be delivered to the contractor, on his demand therefor, "after they are recorded." The effect of this provision is, that, until the warrant has been recorded, it has no operative function, and it cannot be delivered to the contractor. Prior to that time it is only a lifeless paper in the hands of the superintendent of streets, subject to alteration or destruction by him, and is not available as the basis of any proceeding on the part of the contractor. Until he has received the warrant he has no authority to demand payment of the assessment; and by section 10 he must make this demand, and return the warrant, with a verified statement of the nature and character of his demand indorsed thereon, "within thirty days after its date."

A consideration of these several provisions of the statute leads to the conclusion that the "thirty days after the date of the warrant," which is the limitation of time upon the right of appeal from the assessment, is to be counted from the time that notice of the assessment is imputed to those who have the right to appeal,—i. e., the date of the recording of the warrant; that as the warrant cannot be delivered to the contractor until after it has been recorded, the date upon which it is recorded, and not the date which is written therein, is its actual date, and the day from which is to be computed the thirty days within which he must return it to the superintendent of streets. It was the evident intention of the legislature that the time within which an appeal might be taken from the assessment, and within which the warrant should be returned to the superintendent, should be the same, and that the contractor should have thirty days from the time at which he was entitled to receive the warrant within which to make his demand and return. Otherwise, or upon the construction contended for by the respondent herein, the superintendent might fail or omit to record the warrant for so long a time after he had written therein the date at which he made it, that these rights of the parties would be essentially impaired, if not destroyed. The statute ought not to receive a construction which would permit such injustice, unless imperatively demanded by its language. The legislature doubtless contemplated that the date of the warrant would be the same as the date of its recording, but it must be held, under the foregoing provisions of the act, that if they do not correspond,

the date of the·recording is to be regarded. as the "date of the warrant," from which the time within which any action founded thereon, or any right created thereby, is to be computed.

The judgment is reversed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.