[Civ. No. 724. Third Appellate District.—November 7, 1910.]

In the Matter of the Estate of ELIZABETH PRICE, Deceased. JUDD ALLEN PAGE, Appellant, v. NELLIE DOTY et al., Respondents.

ESTATES OF DECEASED PERSONS—VOID HOLOGRAPHIC WILL—BLANK DATE UNFILLED—PROBATE PROPERLY DENIED.—A holographic will, with the year only written, and with blanks for the day and month left unfilled, is not dated within the meaning of section 1297 of the Civil Code, defining a holographic will, and by reason of the incompleteness of the date, it does not meet the requirements of the statute prescribing the requisites of a holographic will, and the court properly denied a petition for its probate.

ID.—WILLS PURELY STATUTORY—SUBSTANTIAL COMPLIANCE WITH STATUTE ESSENTIAL.—Last wills and testaments are entirely creatures of the legislature, and while some of the formalities with which they are required to be executed may appear to be immaterial and unnecessary, yet the right thus to dispose of one's estate being purely statutory, the manner of such disposal as prescribed by the statute must be observed with at least substantial strictness.

ID.—SUBSTANTIAL DEPARTURE FROM STATUTE — VOID WILL — ADMINISTRATION.—If there be a substantial departure from the formalities prescribed by the statute in an attempted testamentary disposal of one's property, there is no last will, in law, and the decedent's estate must go to the administrator.

ID.—COMMON MEANING OF "DATE"—"YEAR, MONTH AND DAY"—OMISSION OF ANY ONE FATAL TO HOLOGRAPHIC WILL.—The term "date," in its common and accepted signification, means the "day, month and year," the omission of any one of which is fatal to a holographic will.

ID.—MENTAL SOUNDNESS AND CAPABILITY OF TESTAMENTARY DISPOSITION IMMATERIAL.—The fact that during all of the year 1906, in which the holographic will was written, the testatrix was mentally sound and capable of making a testamentary disposition of her estate, is immaterial, and cannot justify the omission of an essential requirement of the statute.

APPEAL from an order of the Superior Court of Tehama County denying a petition for the probate of a will. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

Jas. T. Matlock, Jr., for Appellant.

John J. Wells, and W. A. Fish, for Respondents.

HART, J.—This is an appeal from an order denying probate of an instrument purporting to be the last will and testament of Elizabeth Price, deceased, as holographic.

The appeal is by one Judd Allen Page, who is named in said purported will as the executor thereof, and who was the petitioner for the probate of the same.

The instrument was denied probate upon the ground that it was not "dated" by the deceased within the meaning of section 1277 of the Civil Code, defining a holographic will.

The instrument was written by and in the handwriting of the deceased, but the purported date of its execution reads: "Dated this —— day of ————, 1906." Thus it will be noticed that there is nothing definite about the "date" except the year, the day and month being omitted. Therefore, the only question submitted for solution here is whether the numerals combined together as representing the year— "1906"—constitute a "date" within the meaning or contemplation of the section of the Civil Code referred to.

Said section reads: "A holographic will is one that is entirely written, *dated*, and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this state, and need not be witnessed."

We are of the opinion that the instrument, by reason of the incompleteness of the date as noted, does not meet the requirements of the statute prescribing the requisites of a holographic will and that the court below properly denied the petition for its probate.

Last wills and testaments are entirely creatures of the legislature, and, while some of the formalities with which they are required to be executed may appear to be immaterial and unnecessary, yet the right to thus dispose of one's estate being purely statutory, the manner of such disposal as prescribed by the statute must be observed with at least substantial strictness. If, therefore, there be a substantial departure from such formalities in an attempted testamentary disposal of one's property, there is no last will in law, and the decedent's estate must go to the administrator.

The term "date," in its common and accepted signification, means the "day, month and year" (see Century Dictionary,

the Encyclopedic Dictionary and Bouvier's Law Dictionary), and we can perceive no sound reason that would or could prompt the legislature in using the term in any other sense when making it one of the essentials of a legal instrument in writing of any character. If the "year" alone shall be held to be sufficient to satisfy the statute as to the date of a holographic will, we can see no good reason why the "day" or the "month" only would not likewise be sufficient to meet the requirements of the statute in respect of the date, between which and the other requisites of such a testament we can discover no difference in importance.

In the case of *Estate of Martin*, 58 Cal. 531, an instrument purporting to be a holographic will, while entirely written and signed by the deceased, bore no date. It was there contended that the dating of a will "is a mere formal matter, not absolutely necessary." The supreme court, denying the soundness of this contention, said: "The legislature has seen fit to require three things to concur for the execution of a holographic will, viz., that it be written, dated, and signed by the hand of the testator. We are not at liberty to hold that the legislature intended any one of these requirements to be of greater or less importance than the others. If we may omit one, why not either of the others? 'It is subject to no other form.' It is subject to the form prescribed."

Professor Page, in his work on "Wills," says: "It is generally provided that a holographic will must be dated. The date must show the year, month and day in order to make the will valid."

"The date is an important part of every holographic will and consists of the year, month, and day, the omission of any of which is fatal." (30 Am. & Eng. Ency. of Law, p. 583; *Fuentes* v. *Gaines*, 25 La. Ann. 85; *Heffner* v. *Heffner*, 48 La. Ann. 1088, [20 South. 281]; *Robertson's Succession*, 49 La. Ann. 868, [62 Am. St. Rep. 672, 21 South. 586].)

The Louisiana statute defining and prescribing the requisites of a holographic will is substantially in the same language as is found in our own. In the case of *Fuentes* v. *Gaines*, 25 La. Ann. 85, an attempt was made to establish by parol the contents of a lost holographic will. Some of the witnesses testified that the alleged will was dated "A. D. 1813," and others that it was dated "July A. D. 1813." The

supreme court of Louisiana declared that the proof failed
to disclose all the essentials of a holographic will. It said:
"Is a testament, which is dated A. D. 1813, or July A. D.
1813, to be deemed dated in the sense of the law? Certainly
not, if the term 'dated' is to be understood in its 'common
and usual signification.' Webster defines the word 'date'
thus: 'That addition to a writing which specifies the year,
month and day when it was given or exercised.' . . . It is es-
sential, therefore, to specify the day, month and year to give a
date to a testament in the sense of article 1588 of the Civil
Code.''

In the case of *Heffner* v. *Heffner*, 48 La. Ann. 1089, [20
South. 1081], the trial court rendered judgment annulling
the will, holographic in form, of William Heffner, deceased,
on the ground that it was not dated. Upholding the judg-
ment, the Louisiana supreme court said: ''The code defines
the holographic will to be that written, dated and signed by
the testator himself. The date, signature and the entirety
of the will in the handwriting of the testator are the essen-
tials. . . . The policy of the law to secure the true represen-
tation of the testator's wishes and guard against fraudulent
wills is marked in the requisite of the testator's handwriting,
including the expression of the date when he writes the pa-
per and affixes the signature it bears. The date in the tes-
tator's handwriting is part of the evidence the law requires
of the verity of the instrument. If the paper is forged, the
date it must bear may furnish the means of detection. On
any issue of the sanity of the testator the dates indicate and
restrict the period of inquiry. . . . The date in its ordinary
sense imports the day of the month, the month and the year.
That is also the legal significance of the date. The day of
the month is quite as much a part of the date as the month
or the year. If the law requires the holographic will to be
dated, the exaction extends to every part of the date. . . .
The hardship of the case has prompted us, in the absence
of any direct adjudication of our own courts on the point, to
examine the views of the French commentators, dealing with
the corresponding article of the Napoleon Code. They dis-
close the reason of the law in exacting the date, and maintain
the day of the month to be essential. We find the distinction
drawn by them between a wrong date, which it seems has

14 Cal. App.—30

been held will not vitiate, and no date or a deficient date, which will avoid the will. But the necessity of the day of the month in the date of the holographic testament is rigidly enforced by the jurisprudence under the Napoleon Code.'' (See, also, *Succession of Robertson,* 49 La. Ann. 868, [62 Am. St. Rep. 672, 21 South. 586].)

Counsel for appellant cites and relies upon the cases of *Gaines* v. *Lizardi,* 3 Woods, 77, [Fed. Cas. No. 5175], and *Estate of Fay,* 145 Cal. 82, [104 Am. St. Rep. 17, 78 Pac. 340], as supporting his interpretation of the testament involved here. But there is a clear distinction between these cases and the Louisiana cases to which we have referred.

In *Gaines* v. *Lizardi,* 3 Woods, 77, [Fed. Cas. No. 5175], (which seems to have involved the same testament that was considered in *Fuentes* v. *Gaines,* 25 La. Ann. 85), it is not held that the word ''dated,'' as used in describing the essentials of a holographic will, does not include the day, the month and the year. To the contrary, the opinion in this regard seems to be based upon the assumption that the will bore a date within the full meaning of that term. The court in that case merely held that a fair and reasonable interpretation of the testimony bearing upon the question of the date of said testament justly led to the conclusion that ''it bore the year, month and day'' in the date thereof.

The case of *Estate of Fay* was where the date of the will, holographic in form, was inconsistent with the testimony. The instrument was dated ''May 25, 1859,'' and it made provision for the son of the testator, Luke Fay, who was born in 1861; for his son, John Fay, who was born about the year 1865, and for a daughter, who was married in January, 1887, and died in March, 1900. From these facts it was evident that the instrument was not written in 1859. But the supreme court held that the will was ''dated'' within the meaning of the statute and that the error with regard to the year, having obviously been the result of inadvertence, would not vitiate the instrument. It is there said: ''The legislature has not used the words 'truly dated' nor 'correctly dated,' but the word 'dated,' which must be construed according to the approved use of the language (Civ. Code, sec. 13), and in its primary and general sense. (Code Civ. Proc., sec. 1861.)''

But the proposition in the case at bar does not present the question whether the testament has been "truly dated" or "correctly dated." It does not, in other words, involve the question whether the writer of the document made a mistake in writing the date, and thus erroneously inserted an impossible day of the month or a year in which the testimony shows that it was impossible to have written the instrument. The question propounded here is, whether the instrument was dated at all, within the meaning of the law prescribing the essentials of a holographic will. We can find no other answer to this question than that to which reason and the cases have led us, unless we are bold enough to arbitrarily substitute the will of the court as to the essentials of holographic testaments for that of the legislature.

Nor is the fact that the court in this case found that, during all of the year 1906, in which the instrument sought to be established as the last will of the deceased was written, deceased was mentally sound and capable of making a testamentary disposition of her estate, an argument against the construction which we have given our code section pointing out the essential requisites of a holographic will.

As we have seen, the right to dispose of one's belongings by testament is conferred by the legislature, in which body there exists full and unrestricted power to require any reasonable mode or manner of a testamentary disposal of one's estate; and whatever might be the reason inspiring the legislature to impose certain restrictions or conditions on or the manner in which a party may name the successors to his estate after his death, so long as they be not unreasonable or absurd, the formalities or essentials so prescribed must be performed. And if, as is suggested in *Heffner* v. *Heffner*, 48 La. Ann. 1089, [20 South. 281], one of the reasons requiring a holographic will to be dated is because it may have some bearing on the question of the mental soundness and competency of the decedent, if that issue should be submitted, it does not follow that, because, in a given or a particular case, the writer of the pretended holographic will is found to have had capacity to make a last will, any one of the essentials of such a testament, as prescribed by the law, may, in the writing thereof, be omitted.

It follows, from the foregoing views, that the order must be affirmed, and it is so ordered.

Burnett, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 3, 1911.