[Civ. No. 1555. Second Appellate District.—June 2, 1915.]

## WALTER J. COLE, Appellant, v. THE BOARD OF SUPERVISORS OF ORANGE COUNTY, Respondent.

Municipal Corporations—Petition for Incorporation of City—Sufficiency of Notice.—A notice of the time for presenting a petition to incorporate a city under the act of 1883 (Stats. 1883, p. 93), and amendments thereto, which stated that such petition would be presented to the board of supervisors on *Tuesday,* April 5th, is sufficient, notwithstanding the day of the week corresponding with April 5th was Wednesday.

Id.—Day of Week and Month in Notice—Inconsistency in—Rule.—Where the day of the week named in a notice does not correspond with the day of the month specified therein, the latter controls, and the day of the week may be discarded as surplusage.

Id.—Presentation of Petition—Adjourned Meeting—Sufficiency of Notice.—In such a case where the board of supervisors met in

regular monthly session on Tuesday, April 4th, and adjourned its meeting to Thursday, April 6th, by reason of which action the petition was not presented to the board on April 5th, but presentation thereof was made at the session held on April 6th, the adjournment being but the continuance of the session and the interruption being in the nature of a recess, the presentation of the petition, pursuant to the published notice, although made on the 6th, the day to which said adjournment was had, was sufficient to entitle it to a hearing.

ID.—SECOND ADJOURNMENT—UNFINISHED BUSINESS CARRIED OVER.—Where on April 6th, upon presentation of the petition, the board took certain action thereon, after which, without making any formal order adjourning the hearing of said matter, it was ordered that the meeting of said board be adjourned to April 14, 1911, at which time it directed notice of the election of officers as required by law for the formation of cities, the adjourned meeting being but the continuance of the regular meeting, in the absence of any order to the contrary, carried over to such time for further hearing unfinished business pending before the board, such order being implied from the order adjourning the meeting.

ID.—ORDER FOR CONTINUANCE—PRESUMPTION.—Where on May 29, 1911, at a special meeting of the board of supervisors, an order was made and entered to the effect that the city be incorporated as a municipal corporation, the contrary not being made to appear, it must be presumed that the hearing of the matter was at the adjourned meeting of the board continued to May 29th, at which time the order was made.

ID.—FAILURE TO FILE CERTIFIED COPY OF ORDER WITH SECRETARY OF STATE—FAILURE TO ASCERTAIN NUMBER OF INHABITANTS—IRREGULARITIES.—In such a case the failure of the board to order a certified copy of its order filed in the office of secretary of state, and its failure to ascertain the number of inhabitants within the boundaries of the proposed city before ordering the publication of notice of the election of officers therein, were at most errors and irregularities which cannot be reviewed in a proceeding for a writ of *certiorari* to annul the order of the board incorporating the city, since the board had jurisdiction to act.

APPEAL from a judgment of the Superior Court of Orange County.   Z. B. West, Judge.

The facts are stated in the opinion of the court.

John D. Pope, and H. G. Ames, for Appellant.

L. A. West, District Attorney, and H. C. Head, for Respondent.

SHAW, J.—This is an appeal from a judgment entered upon the sustaining of a demurrer to a petition for a writ of *certiorari* whereby it was sought to annul an order of the board of supervisors of Orange County incorporating the city of Stanton as a city of the sixth class.

The demurrer interposed was both general and special. Since we are of the opinion that the demurrer was properly sustained upon the ground that the petition failed to state facts sufficient to entitle the petitioner to a writ of review, it is unnecessary to consider the special grounds upon which the demurrer is based.

Petitioner contends that by reason of a failure on the part of the board of supervisors to comply with the provisions of an act of the legislature entitled, "An act to provide for the organization, incorporation, and government of municipal corporations" (Stats. 1883, p. 93), and amendments thereto, respondent did not acquire jurisdiction to make the order. One of the grounds for such contention is that in publishing the petition for an order incorporating the city, as required by section 2 of said act, the notice published therewith stated that such petition would be presented to the board on *Tuesday,* April 5th; that the day of the week corresponding with April 5th was Wednesday. Notwithstanding this inconsistency, we think the notice was sufficient. Where a notice specifies the day of the month for the doing of an act as to which the notice is given, no purpose is served by naming therein the day of the week corresponding to such day of the month. "Date" means the year, the month and the day thereof, and thus stated it is definite, certain, and complete. Not necessarily so, however, where the day of the week and month are given, since there may be several such days in the month. Where the day of the week named in a notice does not correspond with the day of the month specified therein, the latter controls, and the day of the week may be discarded as surplusage. (*Ingersoll* v. *Kirby,* Walker's Ch. (Mich.), 27; *State Savings Bank* v. *Hosmer,* 95 Mich. 100, [54 N. W. 632].) The notice as published was sufficient.

The second contention is that the board of supervisors met in regular monthly session on Tuesday, April 4th, and adjourned its meeting to Thursday, April 6th. By reason of this action the petition was not presented to the board on April 5th, but presentation thereof was made at the session

of the meeting held on April 6th. The adjournment was but a continuance of the session, the interruption being in the nature of a recess, and the presentation of the petition pursuant to the published notice, although made on the 6th, the date to which said adjournment was had, was under the circumstances sufficient to entitle it to a hearing.

The third contention is that on April 6th, upon presentation of the petition, the board took certain action thereon, after which, without making any formal order adjourning the hearing of said matter, it was ordered that the meeting of said board be adjourned to April 14, 1911, at which time it directed notice of election to be published as required by law for the formation of cities. The adjourned meeting held was but a continuance of the regular meeting and, in the absence of any order to the contrary, carried over to such time for further hearing unfinished business pending before the board. (*Ex parte Benjamin,* 65 Cal. 310, [4 Pac. 23] ; *Ex parte Mirande,* 73 Cal. 365, [14 Pac. 888].) Such order is implied from the order adjourning the meeting.

On May 29, 1911, at a special meeting of said board, an order was made and entered to the effect that the city of Stanton be incorporated as a municipal corporation. Since the contrary is not made to appear, we must presume that the hearing of the matter was at the adjourned meeting of the board, continued to May 29, at which time the order was made. Assuming that all of these questions are subjects of review in a proceeding of this character, we are of the opinion that they are without merit and, conceding the truth thereof as alleged in the petition, present no facts which would justify the issuance of the writ.

As to other alleged defects in the proceeding, such as the failure of the board to order a certified copy of its order filed in the office of the secretary of state, and alleged failure to ascertain the number of inhabitants within the boundaries of the proposed city before ordering the publication of notice of the election of officers therein, suffice it to say they are questions which, conceding erroneous action thereon taken by the board, are at most in the nature of errors and irregularities which, since the board had jurisdiction to act, cannot be reviewed in a proceeding of this character. (*Borchard* v. *Supervisors,* 144 Cal. 10, [77 Pac. 708].)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.