[Civ. No. 10899. Second Appellate District, Division Two.—June 19, 1936.]

L. FRANCES WHITE-SATRA, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

Paul C. Hill and W. H. Hodges for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Bourke Jones, Deputy City Attorney, for Respondent.

GOULD, J., *pro tem.*—Plaintiff brought this action for damages against defendant municipal corporation, alleging that she was injured by falling over a defective and broken sidewalk on December 26, 1934. The claim for damages was filed with the Los Angeles city clerk April 30, 1935, more than three and less than six months after the accident. Demurrer to the amended complaint was sustained without leave to amend, and from the resultant judgment plaintiff appeals.

Section 376 of the charter of the City of Los Angeles provides that "except in those cases where a shorter period of time is otherwise provided by law, all claims for damages against the city must be presented within six months after the occurrence from which the damages arose". By the Statutes of 1931, page 2475 (Deering's Gen. Laws, Act 5149), it is provided (sec. 1) that "whenever it is claimed that any person has been injured . . . as the result of the dangerous or defective condition of any public street . . . a verified claim for damages shall be presented in writing and filed with the clerk or secretary of the legislative body of the municipality . . . within ninety days after such accident has occurred". Perusal of the foregoing provisions of the city charter and general laws demonstrates that the ninety days' period controls in the filing of claims such as the one here in question, and by noncompliance with the statutory provision appellant is barred. Statutory requirements in this regard have been held mandatory. (*Johnson* v. *City of Glendale,* 12 Cal. App. (2d) 389 [55 Pac. (2d) 580]; *Douglass* v. *City of Los Angeles,* 5 Cal. (2d) 123 [53 Pac. (2d) 353]; *Spencer* v. *City of Calipatria,* 9 Cal. App. (2d) 267 [49 Pac. (2d) 320].)

■ Appellant's failure to file her verified claim within the statutory period is not cured by allegations in her amended complaint that she sent a "notice of complaint" of the defective condition of the sidewalk in question to the department of public works on January 31, 1935, and that she wrote a letter upon the subject to a member of the Los Angeles city council February 4, 1935. Neither communication complied with the requirements of the 1931 statute *supra*, and therefore, under the authorities above cited, the prerequisite steps to maintaining a suit against the municipality to enforce the asserted liability are lacking.

Determination of this point makes unnecessary the consideration of other propositions argued in the briefs.

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.