[Civ. No. 5684.   Third Appellate District.—February 27, 1937.]

ELLEN I. STRATH, Appellant, v. CITY OF SANTA ROSA (a Municipal Corporation), Respondent.

H. B. Churchill and J. Harold McAlpine for Appellant.

Edward T. Koford for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against her pursuant to an order sustaining a demurrer to her complaint without leave to amend the pleading.   The suit was instituted to recover damages for personal injuries received as a result of the maintenance of a defective and dangerous sidewalk by the City of Santa Rosa.   The demurrer was sustained on the ground that it does not appear in the complaint that the plaintiff filed a claim for damages with the clerk of the municipality within ninety days after the accident occurred, or at all, as required by the statute.   At the time the demurrer was presented, it

was then too late to file the claim. It is conceded that if the statute requires the filing of a claim under the circumstances of this case, then the demurrer was properly sustained without leave to amend the pleading.

The demurrer was properly sustained without leave to amend. The suit is based solely upon a claim against the City of Santa Rosa for personal injuries alleged to have been received as the result of the maintenance of a defective and dangerous sidewalk by the city. Under the circumstances of this case it was necessary for the claimant to file with the clerk of the municipality a verified claim for damages, within ninety days after the accident occurred. This requirement has been held to be mandatory as a prerequisite to maintaining the action. (Stats. 1931, p. 2475; 2 Deering's Gen. Laws 1931, p. 2562, Act 5149; *Norton* v. *City of Pomona*, 5 Cal. (2d) 54, 63 [53 Pac. (2d) 952]; *Thompson* v. *County of Los Angeles*, 140 Cal. App. 73 [35 Pac. (2d) 185]; *Spencer* v. *City of Calipatria*, 9 Cal. App. (2d) 267 [49 Pac. (2d) 320]; *Johnson* v. *City of Glendale*, 12 Cal. App. (2d) 389 [55 Pac. (2d) 580]; *White-Satra* v. *City of Los Angeles*, 14 Cal. App. (2d) 688 [58 Pac. (2d) 933].)

The case of *Jackson* v. *City of Santa Monica*, 13 Cal. App. (2d) 376 [57 Pac. (2d) 226], upon which the plaintiff relies, is not in point. In the Jackson case the plaintiff was injured through the personal negligence of the driver while riding as a passenger in a motor bus belonging to the city of Santa Monica. The bus was being operated by employees of the city at the time of the accident. He was not injured on account of "the dangerous or defective condition of any public street, highway, building, park, grounds, works or property" belonging to or maintained by the city. The Jackson case is not in conflict with the authorities previously cited.

The judgment is affirmed.

Plummer J., and Pullen, P. J., concurred.