[Civ. No. 11506.   Second Appellate District, Division One.—August 5, 1938.]

GEO. H. KAHRS et al., Appellants, v. COUNTY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

R. A. Newell, Lawrence Hall and Hugh G. Maddox for Appellants.

Everett W. Mattoon, County Counsel, and W. B. McKesson and Beach Vasey, Deputies County Counsel, for Respondents.

DORAN, J.—This is an action wherein plaintiffs sought to recover damages from the County of Los Angeles, alleged to have resulted from floods following a heavy rain. A verified claim for damages in the following words and figures was duly filed on April 2, 1935: ''The undersigned hereby makes claim and demand for the payment of the sum of $1475.00 being the amount of damage due said claimant for damages to real and/or personal property owned by claim-

ant and located in Drainage Improvement District Number One, County of Los Angeles, State of California; that said damage occurred on and after October 17, 1934."

It will be noted at once that the claim was filed five months and fifteen days after October 17, 1934. To the amended complaint, which was based on the above claim, a demurrer was sustained without leave to amend on the ground that the claim was not filed within ninety days. The period within which the claim could be amended to conform to the law had long since elapsed at the time of the ruling on the demurrer. It was alleged in the complaint that damage also resulted from a storm occurring on the 6th day of February, 1935, but the trial court in effect held that the phraseology in the claim above noted, to wit, "and after", was of no significance, and, to the extent of including February 6, 1935, could not be construed as the equivalent of the "date and place of the accident and the extent of the injuries or damages received" within the meaning of chapter 1167, Statutes of 1931, page 2475. This act, which the trial court held to be controlling, provides that said claim must be filed within ninety days after such accident has accrued, and shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received.

It is appellants' contention that "the language of the above claim is specific enough and broad enough to include the damage occurring on the 6th day of February, 1935, and that the Board of Supervisors of the County of Los Angeles, having rejected said claim in its entirety, are presumed to have rejected the claim upon its merits, and not by reason of any uncertainty or ambiguity in said claims, and having so rejected said claims, said defendants could not thereafter object thereto upon the grounds that it did not include the words and figures '7th day of February, 1935', or that it did not in truth and in fact include any day subsequent to the 17th day of October, 1934, and prior to the 2nd day of April, 1935, said last date being the date the claims were filed." In support thereof it is argued that plaintiffs were entitled to one year within which to file the above claim by virtue of the provisions of section 4075 of the Political Code. It is also argued that chapter 1167 of the Statutes of 1931, is not applicable. Act 5149 of Deering's General Laws of California is relied upon by appellants in support of this

last-mentioned argument, in connection with which it is urged that the phraseology in the black-letter heading, to wit, "Claim for damages suffered on public property" is part of the law and that inasmuch as the damages suffered by plaintiffs were not "on" public property the act therefore does not apply. The argument is without merit. Act 5149 of Deering's General Laws is merely the arrangement, by the editor of the code, of chapter 1167, Statutes of 1931, page 2475. The editor's heading of subdivision 1 of said act, to wit, "Claim for damages suffered on public property", as well as the other headings preferred by the editor, are no part of the act as adopted by the legislature which a reading thereof will reveal. The authorities relied upon by appellants are not in point. It is true that the headings of certain sections of the codes have been held to be a part thereof, but the rule is applied only when such heading is a part of the section at the time of its adoption as the law of the state. (*Bettencourt* v. *Sheehy*, 157 Cal. 698, 701 [109 Pac. 89]; see, also, *In re Forthmann's Estate*, 118 Cal. App. 332, 336 [5 Pac. (2d) 472].)

Section 4075 of the Political Code, relied upon by appellants, is unavailing. The provisions of this section are general, and that the general must yield to the particular is a well-settled doctrine that requires no citation of authority. The trial court was correct in the conclusion that chapter 1167, Statutes of 1931, is controlling. (*Thompson* v. *County of Los Angeles et al.*, 140 Cal. App. 73, 77 [35 Pac. (2d) 185]; *Douglass* v. *City of Los Angeles*, 5 Cal. (2d) 123 [53 Pac. (2d) 353]; *Strath* v. *City of Santa Rosa*, 19 Cal. App. (2d) 382 [65 Pac. (2d) 894]; *Cooper* v. *County of Butte*, 17 Cal. App. (2d) 43 [61 Pac. (2d) 516].)

With regard to appellants' contention that the phraseology of the claim, to wit, "on and after October 17, 1934", was sufficiently definite to include February 7, 1935, it is argued "that the object of requiring claims to be filed is to give timely notice to the county, and thus enable it to make investigation and, if possible, take action to arrest the progress of the injury, and thereby minimize the chances of any further damages". The argument is untenable. If such were the purpose of the claim, why wait the ninety-day period when the requirement of immediate notice would best serve such a purpose? Although it is unnecessary to account for

the reasons that persuaded the legislature to fix the ninety-day limitation period, it is altogether likely that a consideration for the public welfare was influential. Timely notice of a claim under such circumstances affords an opportunity for investigation as to the merits thereof, which the progress of time might render futile.

"It has long been held that there must be at least a substantial compliance with statutes of this nature, making certain steps essential before a suit may be filed." (*Cooper* v. *County of Butte, supra,* quoting from *Spencer* v. *City of Calipatria,* 9 Cal. App. (2d) 267 [49 Pac. (2d) 320].) Moreover, the provisions of chapter 1167 of the Statutes of 1931, page 2475 (Act 5149, Deering's Gen. Laws), have been held to be mandatory and no right of action accrues until the claim is presented under the provisions of the act. (See *Thompson* v. *County of Los Angeles, supra,* at p. 78.) It is evident, therefore, that if appellants herein expected to recover damages from the County of Los Angeles resulting from an act or omission of the county by reason of an accident that occurred on February 7, 1935, the date, place, and extent of the injury or damage should have been specified in the claim. As to the form and substance of the claim herein under consideration, the use of the expression "and after" is not even a substantial compliance with the provisions of the act, when, by such expression, it is sought to include events occurring on a date otherwise unmentioned in said claim.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.