[Civ. No. 2910.   Fourth Dist.   Oct. 6, 1941.]

RUTH HENNESSY, a Minor, etc., et al., Appellants, v. COUNTY OF SAN BERNARDINO et al., Respondents.

Fred O. Reed, Richard L. Kirtland, Ralph E. Swing and Henry E. Kappler for Appellants.

Jerome B. Kavanaugh, District Attorney, and Duckworth, Mussell & King for Respondents.

BARNARD, P. J.—This is an action for damages for personal injuries alleged to have been suffered by three minor plaintiffs by reason of the dangerous and defective condition of a highway. A demurrer was sustained without leave to amend and the plaintiffs have appealed from the judgment which followed.

The accident happened on March 30, 1939. Verified claims for damages were filed on June 6, 1939, which were rejected by the board of supervisors of the respondent county on June 14, 1939. This action was begun on March 8, 1940, less than a year after the happening of the accident but more than six months after the rejection of the claims by the board of supervisors.

The main question presented is whether the appellant minors are bound by the six months' limitation provided for in section 342 of the Code of Civil Procedure or provided for in section 4078 of the Political Code. The appellants contend that they come within the exception provided for in section 352 of the Code of Civil Procedure.

Prior to 1923 an action of this nature could not be maintained against a county. Then, as now, section 342, Code Civ. Proc., provided that actions on claims against a county must be commenced within six months after their rejection by the board of supervisors. Also, sections 4075 and 4078 of the Political Code provided, and still provide, that a claim shall be presented before suit may be brought, and that a suit may be brought within six months after the final rejection of the claim by the board but not afterward. So far as material here, the first of these sections merely provided for the filing of a claim without limiting the time within which that should be done, and the other section fixed a time when a claim should be deemed to be rejected if the board failed to act upon it. In other words, the latter section was concerned with fixing the time when the six months' period of limitation should begin to run, but not with any exception to or extension of that six months' period. Section 4078 is in harmony with section 342, Code of Civil Procedure (*Harvey*

v. *County of Kern,* 107 Cal. App. 590 [290 Pac. 648]), and both are general statutes fixing a limitation of six months within which actions upon claims against a county may be brought.

During the entire existence of the statutes referred to section 352 of the Code of Civil Procedure has provided an exception, specifically made applicable to the limitation provided for in section 342, Code of Civil Procedure, which extends the period in favor of minors. Since section 4078 of the Political Code is in harmony with section 342 of the Code of Civil Procedure and since it relates entirely to the time at which the six months' period shall begin to run and not to any extension of that six months' period, and since both those sections are general statutes, it must be held that section 352, Code of Civil Procedure, being the particular statute which specifically makes an exception in favor of minors insofar as section 342, Code of Civil Procedure, is concerned, also applies to and has the same effect upon the provisions of section 4078 of the Political Code. It follows that in such actions upon rejected claims as might have been brought against a county prior to 1923, the statutes then and now existing provide an exception in favor of minors relieving them from the requirement that an action must be brought within six months after the rejection of the claim.

In 1923 the law was so changed as to permit the filing of actions upon claims arising from the defective or dangerous condition of public streets and highways, among other things. (Stats. 1923, p. 675, Deering's General Laws, Act 5619.) In 1931, a provision was added requiring, in such actions, the presenting and filing of a verified claim within ninety days after the occurrence of the accident. (Stats. 1931, p. 2475, Deering's General Laws, Act 5149.) This latter provision has been held applicable to minors as well as to adults (*Phillips* v. *County of Los Angeles,* 140 Cal. App. 78 [35 Pac. (2d) 187]; *Myers* v. *Hopland U. E. School Dist.,* 6 Cal. App. (2d) 590 [44 Pac. (2d) 654]), and it is conceded that it was complied with in the instant case in so far as the claim against the respondent county is concerned.

The two acts to which we have just referred permit actions on a class of claims which were not previously allowed and require the presentation of verified claims within ninety days of the accident involved, but they contain no provision

relating to the time within which an action upon such a claim may be filed. Since these acts do not purport to cover that subject that matter must be governed by other existing statutes which are in no way changed or affected by the provisions of the 1923 and 1931 acts. In *Thompson* v. *County of Los Angeles,* 140 Cal. App. 73 [35 Pac. (2d) 185], it was held that the 1931 act should be construed and applied in connection with the existing law as set out in sections 4075 to 4078 of the Political Code, which also deal with the subject of claims against a county. Similarly, that act and the act of 1923 must be construed and applied in connection with the provisions of sections 342 and 352 of the Code of Civil Procedure, which relate to the same subject. The provisions of the latter sections furnish a part of the procedure which governs the prosecution of claims against a county, including claims of the nature here involved. Since the acts of 1923 and 1931 make no change in the time limits within which such an action may be brought, sections 342 and 352 of the Code of Civil Procedure apply and govern. Since section 352, Code of Civil Procedure, establishes an exception in favor of minors with respect to the provisions of section 342, Code of Civil Procedure, and since there is nothing in the later acts to change its effect, we conclude that as to these minor appellants this action was not barred by the provisions of section 342, Code of Civil Procedure, or by section 4078 of the Political Code.

The complaint in this action also attempted to set up a cause of action against two individuals who were highway commissioners of the county of San Bernardino, it being alleged that their negligence led to the accident in question. The only other point raised is that the complaint failed to state a cause of action against these officers because it failed to allege a compliance with the provisions of Act 5150 of Deering's General Laws relating to the filing of claims. It is conceded that verified claims were served and filed which were sufficient as against the respondent county and that copies of these claims were served on the individual respondents. The respondents contend, however, that the serving of copies of these claims on these officers was merely a part of the presentation of the claims as against the county. It is further argued that the claims served on the officers were exact copies of the claims filed with the clerk of the board of supervisors, that they were all headed "Claim For Damages against

County of San Bernardino,'' and that there was nothing therein which was sufficient to notify the officers that claims were being presented against them. While the claims were all headed as above stated the body of each claim contained a statement of all of the facts required by Act 5150 and stated that demand was made by the undersigned for reimbursement for the loss sustained as a result of this particular accident and that the proximate cause of this accident was the negligence of these two persons who were acting as highway commissioners. The claim presented to each officer was sufficient to indicate that he was accused of negligence in connection with this accident and that a claim was being made against him. It must be held that there was a substantial compliance with the requirement of the statute in the respects here in question. (*Kelso* v. *Board of Education,* 42 Cal. App. (2d) 415 [109 Pac. (2d) 29] ; *Sandstoe* v. *Atchison, T. & S. F. Ry. Co.,* 28 Cal. App. (2d) 215 [82 Pac. (2d) 216].) Insofar as the matter is here presented or argued the complaint states a cause of action against these two officers.

Other than as considered above, no question relating to the cause of action of Clement J. Hennessy personally has been presented, and nothing in this opinion is intended to cover or decide any question concerning his cause of action except the sufficiency of the claims filed by him.

For the reasons given the judgment is reversed and the trial court is instructed to overrule the demurrer and to permit the defendants to answer.

Marks, J., and Griffin, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 1, 1941.