[L. A. No. 19304. In Bank. July 30, 1945.]

WILLIAM KNIGHT et al., Respondents, v. CITY OF LOS ANGELES, Appellant.

Ray L. Chesebro, City Attorney, Frederick Von Schrader, Assistant City Attorney, and Victor P. Spero and Louis A. Babior, Deputies City Attorney, for Appellant.

E. H. Delorey for Respondents.

CARTER, J.—Plaintiffs' action for damages to their property is based on the claimed negligence of defendant in installing and maintaining drainage facilities on Primera Avenue, a street in defendant city of Los Angeles upon which plaintiffs' property abuts, resulting in the seepage of water into and an overflow on plaintiffs' land, destroying the improvements thereon. Plaintiffs, predicating their complaint upon article I, section 14, of the Constitution of California and the public liability statute imposing liability upon municipal corporations for injury to property by reason of the defective and dangerous condition of the corporation's works or property (Stats. 1923, p. 675; Deering's Gen. Laws, 1944, Act 5619), filed a claim on May 5, 1941, with the appropriate municipal officer pursuant to the claim statute requiring a claim to be filed "within ninety days after such accident has occurred" (Stats. 1931, p. 2475, § 1; Deering's Gen. Laws, 1944, Act 5149), or the provision of the Los Angeles Charter requiring the presentation of claims as a condition precedent to actions thereon within six months after "the occurrence from which the damage arose." (Los Angeles Charter, §§ 362, 363, 376.)

Pursuant to stipulation the issue as to the legal sufficiency of the claim was tried alone, resulting in a judgment for de-

fendant. Plaintiffs' motion for a new trial was granted and from that order defendant appeals. There is a dispute as to whether plantiffs' action is founded upon the public liability statute (*supra*) or the eminent domain provision of the Constitution (Cal.Const., art. I, § 14), and whether the charter provision or claim statute applies. In view of the result we reach we may assume plaintiffs are proceeding under the public liability statute and that the claim statute controls.

The claim statute requires that the claim must state ''the date and place of the accident and the extent of the injuries or damages received.'' (Stats. 1931, p. 2475, § 1.) Defendant contends the claim is fatally defective for lack of the date of the accident.

The claim recites the damages ''caused to this date'' which are of a ''continuous and continuing character''; that the damage arises and arose out of the neglect of defendant to properly install and maintain drainage facilities; that as a result plaintiffs' property was undermined and settled; that the conditions were known to defendant but it failed to remedy them; that ''on or about and during the months of February and March, 1941, the officers and employees of said City of Los Angeles, then and there being conversant with the conditions existing in and along Primera Street in front of claimant's property, instead of remedying same, did then and there and at said time negligently, carelessly and in violation of known engineering rules cause additional obstructions to be placed in the flow of water so that the same was impounded in front of claimant's property with no outlet other than through and under ground upon which claimant's house is located, resulting in a complete undermining and moving of the supports thereunder and a dropping down and falling away of the previous surface of said property, completely ruining and destroying the value of said property and the house and improvements located thereon.''

In ascertaining the validity of the instant claim we must be guided by the rule that substantial compliance with claim provisions, whether in a statute or charter, is all that is required. (*Dillard* v. *County of Kern*, 23 Cal.2d 271 [144 P. 2d 365, 150 A.L.R. 1048]; *Hall* v. *City of Los Angeles,* 19 Cal. 2d 198 [120 P.2d 13]; *Hennessy* v. *County of San Bernardino,* 47 Cal.App.2d 183 [117 P.2d 745]; *Ridge* v. *Boulder Creek etc. School Dist.,* 60 Cal.App.2d 453 [140 P.2d 990]; *Kelso* v. *Board of Education,* 42 Cal.App.2d 415 [109 P.2d 29]; *Sand-*

*stoe* v. *Atchison, T. & S. F. Ry. Co.,* 28 Cal.App.2d 215 [82 P.2d 216]; *Uttley* v. *City of Santa Ana,* 136 Cal.App. 23 [28 P.2d 377]; *Milovich* v. *City of Los Angeles,* 42 Cal.App. 2d 364 [108 P.2d 960]; *Silva* v. *County of Fresno,* 63 Cal. App.2d 253 [146 P.2d 520].)

In determining whether or not there has been substantial compliance the purpose of the claim statute is important. Two purposes have been suggested, namely, to provide the city with information in order that it may settle claims of merit without litigation (*Natural Soda Prod. Co.* v. *City of Los Angeles,* 23 Cal.2d 193 [143 P.2d 12]), and where there is continuing damage to give the city an opportunity to provide against the continuance of the injury. (*Natural Soda Prod. Co.* v. *City of Los Angeles, supra,* dissent.) Tested by either of these purposes there has been substantial compliance with the claim statute in this case when we consider the factors involved. The damage is claimed to have been a continuing one. Hence, there would be no exact time or day of the month that it could be said that the accident occurred. It was a progressive process. The aims of giving the city an opportunity to settle the claim and preventing further injury would not be jeopardized. The span of time, February and March of a certain year, as well as up to the date of the claim was given. Nothing would have been gained by the superfluous listing of each and every day during that time such as February 1st, 2d, 3d, etc. The rule of substantial compliance prevents the requirement of the impossible or absurd. Closely allied are the questions of the point of commencement of the period within which the claim must be filed and the requirement that the date be specified. The period starts when the accident has occurred, and the statute provides that the date of the accident must be given. Thus, in *Natural Soda Prod. Co.* v. *City of Los Angeles,* 23 Cal.2d 193, 203 [143 P.2d 12], where the issue of when the period for filing the claim commenced, it was held that where there was a continuing injury, the starting point was the completion thereof, the court stating:

"That purpose is best served if the entire sequence of events giving rise to the injury is regarded as the 'occurrence from which the damage arose', for damages can be assessed accurately only when the sequence is completed and the total injury taken into account. . . .

"Defendant contends that the case of *Powers Farms* v.

*Consolidated Irrigation District,* 19 Cal.2d 123 [119 P.2d 717], requires a different construction of the charter provision. That case, however, involved a different statute, and since no claim had been filed the court was concerned with determining, not the time within which a claim had to be filed, but whether the presentation of any claim was required. To hold that plaintiff was required to present a claim for the entire damage to its property by September 6th, six months after the initial flooding established the inevitability of damages, would require an unreasonable construction of the language of the charter provision, for the last flooding contributed to the injury as well as the first, and it would therefore be inaccurate to say that the first flooding was 'the occurrence from which the damage arose.' '' It would lead to strange results if the date when the accident ''occurred'' fixed a different time for the commencement of the period than the date of the accident, which must be stated in the claim. They have reference to the same event. Hence, the reasoning in the Natural Soda case is persuasive.

Even if we pursue the reasoning that where the injury is continuing, the claimant may recover only for that occurring within the limited period prior to the presentation of the claim or that the time commences its course when the damage becomes apparent and discoverable (see cases collected 116 A.L.R. 975), we are led to no different result. The injury is still continuous and each day is one of occurrence.

There is a sufficient specification in the claim of the duration of the injury. It cannot be said to be without a starting point. The months of February and March and the year are specified. Insofar as the termination of the injury is concerned, defendant is not in a position to complain. If the last date of the injury is to be taken as the date of occurrence we have the end of March or the date of the claim. If the injury extends beyond these periods, plaintiffs are the sufferers. Defendant has been notified in time for it to rectify the condition and investigate the claim. The holding in *Powers Farms* v. *Consolidated Irr. Dist.,* 19 Cal.2d 123 [119 P.2d 717], is not in conflict with these views. As stated in *Natural Soda Prod. Co.* v. *City of Los Angeles, supra,* in regard to the holding in that case, ''since *no claim* had been filed the court was concerned with determining *not* the time within which a claim had to be filed, but whether the presentation of any claim was required.'' (Italics added.) Likewise, the instant case is con-

cerned with the sufficiency of the specification of time and not with a failure to present any claim. A similar situation existed, that is, that no claim was filed, or not in time, or with the wrong official, or was not verified in the following cases. (*Norton* v. *City of Pomona*, 5 Cal.2d 54 [53 P.2d 952]; *Douglass* v. *City of Los Angeles*, 5 Cal.2d 123 [53 P.2d 353]; *Helbach* v. *City of Long Beach*, 50 Cal.App.2d 242 [123 P.2d 62]; *Kline* v. *San Francisco U. School Dist.*, 40 Cal.App.2d 174 [104 P.2d 661, 105 P.2d 362]; *Young* v. *County of Ventura*, 39 Cal.App.2d 732 [104 P.2d 102]; *Kahrs* v. *County of Los Angeles*, 28 Cal.App.2d 46 [82 P.2d 29]; *Yonker* v. *City of San Gabriel*, 23 Cal.App.2d 556 [73 P.2d 623]; *Cooper* v. *County of Butte*, 17 Cal.App.2d 43 [61 P.2d 516]; *Spencer* v. *City of Calipatria*, 9 Cal.App.2d 267 [49 P.2d 320].) Other cases where some item required to be stated in the claim was wholly omitted or the claim was insufficient in other particulars are likewise not in point. They proceed upon the theory that substantial compliance cannot be based upon an entire absence of one factor, a condition which does not exist in the case at bar. (See *Hall* v. *City of Los Angeles, supra; White-Satra* v. *City of Los Angeles*, 14 Cal.App.2d 688 [58 P.2d 933].)

Defendant argues that the portion of the claim heretofore quoted as specifying February and March as the time of the accident refers to time of cause rather than result, and that the time of the accident means the time of the result, not the cause. We do not so interpret that portion of the claim. It is apparent that not only the causes, obstruction of the drainage facilities, occurred at that time, but that those causes resulted in the damage to the property. Reasonably construed the resulting damages also occurred within the stated period.

Defendant relies upon authorities dealing with cases in which the accident occurred on a specific date, and reference to the date of such accident meant the particular day of the month and the year on which the accident occurred, citing in this connection *Kahrs* v. *County of Los Angeles, supra; Cole* v. *Board of Supervisors*, 27 Cal.App. 528 [150 P. 784]; *Shipman* v. *Forbes*, 97 Cal. 572 [32 P. 599], and *Estate of Price*, 14 Cal.App. 462 [112 P. 482]. In all of those cases the occurrence, event, or accident were of a nature that the day of the month could be stated inasmuch as the accident was one event rather than a continuing course of occurrences. It is not to be supposed that the Legislature intended to require the im-

possible or the idle act of specifying all the days of the months involved in the continuous injury. The legislation must be given a reasonable interpretation and where we have a continuing injury the claim here involved constitutes substantial compliance. Where the injury is continuing it would be plainly arbitrary to insist that the claimant specify one day of the injury, thus limiting himself to that day's injury alone, which in all probability could not be separated from the other days in determining the amount of damage. In *Kahrs* v. *County of Los Angeles, supra,* the issue involved a claim stating the time to be on and after a stated date. It was said to lack substantial compliance. If the injury there was continuous we cannot agree with the holding in that case for the reasons heretofore stated. Moreover, in the Kahrs case the court repudiated the underlying purpose that is practically without exception assigned to claim statutes, stating at page 49:

"With regard to appellants' contention that the phraseology of the claim, to wit, 'on and after October 17, 1934', was sufficiently definite to include February 7, 1935, it is argued 'that the object of requiring claims to be filed is to give timely notice to the county, and thus enable it to make investigation and, if possible, take action to arrest the progress of the injury, and thereby minimize the chances of any further damages'. The argument is untenable. If such were the purpose of the claim, why wait the ninety-day period when the requirement of immediate notice would best serve such a purpose? Although it is unnecessary to account for the reasons that persuaded the legislature to fix the ninety-day limitation period, it is altogether likely that a consideration for the public welfare was influential. Timely notice of a claim under such circumstances affords an opportunity for investigation as to the merits thereof, which the progress of time might render futile."

It is urged that because plaintiffs allege in their complaint that their property was completely destroyed on February 28, 1941, there is a fatal variance between the times fixed in the claim and the complaint. The time specified in the claim embraces the date of February 28, 1941, and hence it is very doubtful that there would be a fatal variance. In any event we do not know what may transpire in the future course of the litigation. Plaintiffs may obtain leave to amend their complaint either before the introduction of evidence as to

the time of the injury or thereafter to conform to the proof.

Finally, defendant asserts that the reference to the continuance of the injury "to this date" in the forepart of the claim is insufficient because the claim is not dated and that the date of the verification cannot be used. Manifestly, "to this date," means to the date of the claim. It is reasonable that the date of the verification may be the date to which reference is made, for the verification is necessary and is the time that the claim became a completed document. Defendant relies upon *Kelso* v. *Board of Education*, 42 Cal.App.2d 415 [109 P.2d 29], and *Shipman* v. *Forbes*, 97 Cal. 572 [32 P. 599]. In the Kelso case the court was concerned with an apparent conflict between the verification and the claim as to the identity of the claimant. No such situation exists in the instant case. In the Shipman case it was required that a warrant must be dated by the superintendent of streets, the issuing officer, and the warrant countersigned by the auditor. The superintendent failed to date the warrant and it was held that the date of countersigning could not supply the defect. The court stated:

"The function of the auditor, however, being merely that of approval, and limited to countersigning the warrant, it is not called into exercise until after the warrant has been completed. Whatever is essential to the issuance and validity of the warrant must be done before it reaches the auditor, and no act of his can supply any defect or cure any irregularity in the prior proceedings. The position of the date, September 7, 1888, after the countersigning by the auditor, shows that it was a part of his act, and not a part of the warrant itself." However, in the instant case there is a specific reference to "this date" which could only mean one thing, the date of the claim, and the date thereof as an effective document to be used as a claim would be the date of the verification.

As stated in *Cotton* v. *Watson*, 134 Cal. 422, 424 [66 P. 490] :

"The time at which an instrument becomes operative, or has the legal effect for which it is made, is its date." Moreover, in the Shipman case the court was concerned with tax proceedings and for that reason did not consider the rule of substantial compliance.

The order granting a new trial is affirmed.

Gibson, C. J., Traynor, J., and Schauer, J., concurred.

SHENK, J.—I concur in the result. As I understand the opinion, it decides only that the claim was in substantial com-

pliance with the law requiring the filing of claims and does not decide when the time for filing such a claim commences to run, nor indicate the period during which damages may be recoverable.

Edmonds, J., and Spence, J., concurred.